Lawdean M. Grubbs (the "wife") sued Henry Grubbs, Jr.(the "husband"), for a divorce. The trial court held a trial and divorced the parties. The judgment of divorce divided the parties' personal property, which included cattle, farm equipment, and various household items. The judgment required the wife to "make two lists of all personal and household items and [provided that] the [husband] shall have his choice of the property on one of the lists." The parties were unable to divide the property as directed, so the husband filed a motion to have the wife held in contempt and to have the court divide the personal property.
The trial court then appointed the sheriff as special master to divide the property; the procedure required the parties to meet at the marital residence, to go through the house, and, in turn, the barn and other outbuildings, and for each to select the items he or she wanted. Each party was to supply the special master with preprinted stick-on labels to mark the items chosen. which party had "first pick" was to be decided by a coin toss. The special master was instructed to make a list of the property each party was to receive and to submit it to the court. The parties then had 15 days to object to the special master's report. the procedure to be followed in the case of any exception was not explained. No special master's report appears in the record, so it is impossible for this court to know which party received which items of personal property. The husband did file a petition for a "writ of assistance," in which he requested the trial court to order the special master to allow him to remove "his" property from the marital residence. Nothing in the record indicates that the trial court ruled on this petition, and the husband appealed the divorce judgment just two days after filing the petition.
The husband's only issue on appeal is whether the trial court erred in dividing the parties' property. When determining its awards in a divorce case, a trial court may consider many factors, including the type and value of the property owned by the parties. Duckett v. Duckett, 669 So.2d 195, 197
(Ala.Civ.App. 1995). This court, when reviewing a property division, should also consider the type and value of the property awarded to each party to determine whether the overall award was equitable under the circumstances of the particular case. SeeGriffith v. Griffith, 705 So.2d 435, 437 (Ala.Civ.App. 1997). From all that appears in the record, we conclude that the trial court had not yet completed the distribution of the personal property when the husband appealed. This conclusion is bolstered by the statement in the husband's brief that "the distribution of the personal property has not yet been completed by the [trial] court." Because the trial court has made no final distribution of all the parties' property, this court does not know all the circumstances of this particular case. Therefore, we must dismiss this appeal because the divorce judgment is not final.
An appeal ordinarily lies only from the entry of a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parteHarris, 506 So.2d 1003, 1004 (Ala.Civ.App. 1987). On appeal, the husband complains of the division of property in the divorce judgment, but the personal property has yet to be divided. Therefore, the divorce judgment is not final. *Page 348 
In addition, we note that the trial court's judgment, in dealing with the parties' real property, refers to a copy of a tax map, which is attached as an exhibit to the judgment. The trial court awarded to the wife all the real estate on the tax map "outlined in red." The record on appeal contains a black-and-white copy of the trial court's exhibit to its judgment; we cannot determine from that copy of the exhibit what portions of the real property were awarded to the wife.
The appellee's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.