On September 13, 1999, Jimmy Ray Marlow entered into a real estate sales contract with Kenny Waters and Carol Waters, pursuant to which the Waterses purchased from Marlow 52 acres of land upon which a house and two buildings were situated. The purchase price was $145,000. The contract further provided:
 "1. Contract Contingent upon purchaser obtaining bank loan.
 "2. Seller has 9 months to remove all tools, equipment, household goods from property. Closing atty to hold $10,000 of selling price until the above is completed.
"3. Purchaser has right to clean up property."
The closing was on September 27, 1999; after the closing People's Bank held a cashier's check in the amount of $10,000 payable to Marlow and Kenny Waters.
On June 27, 2000, Marlow had removed all of his household goods and most of his personal property. On June 28, 2000, nine months after the closing, the Waterses refused to allow Marlow back on the property to remove the rest of his property. On August 8, 2000, Marlow sued the Waterses and Peoples Bank. In count one, Marlow alleged a breach of contract against the Waterses, because they would not allow him to remove his tools, equipment, and household goods, and sought $100,000 in damages. In count two, Marlow alleged a breach of contract against the Waterses and sought specific performance to allow him to remove his personal property. In count three, he alleged conversion of personal property by the Waterses and sought the return of certain items listed in the complaint. In count four, Marlow alleged that the Waterses had breached the contract, because he had not been able to collect the $10,000 from Peoples Bank. Peoples Bank interpleaded the funds into court, and was subsequently dismissed as a party. On October 13, 2000, the Waterses answered and counterclaimed, seeking damages under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala. Code 1975.
On March 1, 2002, the Waterses moved for a summary judgment. On May 2, 2002, the trial court entered a summary judgment in favor of the Waterses as to count one and count two of Marlow's complaint. Subsequently, the Waterses filed a second motion for a summary judgment, raising new grounds. On August 8, 2002, the trial court entered a summary judgment for the Waterses on count three. In its order, the trial court stated:
 "Plaintiff has 42 days to appeal from the date of this order. In the event of an appeal, the Plaintiff must post a supersedeas bond in the sum of $20,000. Failing to appeal or failing to post a supersedeas bond, the clerk shall pay to the Defendants the $10,000 which was paid by the Intervenor to the Court."
On September 17, 2002, Marlow appealed.
Ordinarily, an appeal lies only from a final judgment. § 12-22-2, Ala. Code 1975. However, when multiple claims for relief or multiple parties are involved, the court may direct the entry of judgment as to one *Page 982 
or more, but not all, of the claims or parties if it makes the express determination that there is no just reason for delay.
Rule 54(b), Ala.R.Civ.P., provides, in pertinent part:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
The trial court's August 8, 2002, order cannot be read to comply with Rule 54(b). We note that there have been cases where the trial court failed to include the language "there is no just reason for delay" or where the trial court did not state an "express direction" for the entry of final judgment, but the appellate court held that the Rule 54(b) certification was proper. See Schneider Nat'l Carriers, Inc. v. Tinney,776 So.2d 753 (Ala. 2000) (trial court was not required to add the omitted language "that there is no just reason for delay" in entering a summary judgment for the defendant in suit against multiple parties where the court made the judgment final in favor of the defendant and cited Rule 54(b), thereby implicitly incorporating the missing language into its order); Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co.,466 So.2d 83, 87 (Ala. 1985) (trial court's order was final judgment pursuant to Rule 54(b) where the court found there was "`no just reason for delay in the entry of said final judgment'" even though the court did not expressly "direct" the entry of final judgment). However, we cannot say that the trial court's order in the present case met the mandates of Rule 54(b). Therefore, we lack appellate jurisdiction to review the partial summary judgment absent a proper Rule 54(b) certification.
Even if the court's order could be construed as complying with Rule 54(b), Marlow's breach-of-contract and conversion claims (counts one, two, and three), would not be appropriate for certification under Rule 54(b). Marlow's breach-of-contract claim wherein he sought the $10,000 (count four) remains pending. "An order is not final if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery." Grantham v. Vanderzyl, 802 So.2d 1077,1080 (Ala. 2001). In Dickerson v. Alabama State Univ., 852 So.2d 704
(Ala. 2002), the trial court's order dismissed all of the plaintiff's claims, except his claim seeking equitable relief for an alleged due-process violation. The trial court did not certify its order as a final judgment pursuant to Rule 54(b). The plaintiff appealed. The supreme court, citing Grantham, held that the order was not final for purposes of appeal where the question of additional recovery remained.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.