[1] Roger Dale Lolley died while this appeal was pending. A suggestion of death has been filed in this court, but no substitution of party has been made. The death of a party to an appeal does not abate the appeal. Rule 43, Ala.R.App.P.; Walker v. Bailey, 686 So.2d 304, 305 n. 1 (Ala.Civ.App. 1996).
Edmonds Industrial Coatings, Inc. ("the company"), appeals from a judgment awarding Roger Dale Lolley ("the worker") workers' compensation benefits. We dismiss the appeal.
The facts are not pertinent to our decision except that the worker claimed that he was allergic to paint fumes to which he was exposed in connection with his work and the date of the last exposure to those fumes was a matter of controversy. The company filed a third-party complaint against three insurance companies that had, at various times during the worker's employment, provided workers' compensation insurance to the company. Although the trial court entered a judgment awarding the worker benefits, the record reflects that the trial court did not decide which of the three insurance companies would be liable for the payment of those benefits for the company.
An appeal ordinarily lies only from the entry of a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris,506 So.2d 1003, 1004 (Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. Bean, 557 So.2d at 1253. Accordingly, because the judgment does not resolve all issues or determine the right and liabilities of all of the parties and because the record does not contain a Rule 54(b) certification, the judgment is not final and will not support an appeal.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur. *Page 1123