I respectfully dissent for two reasons. First, the plaintiff filed a complaint seeking a divorce. The trial court's finding as to the threshold factual issue whether the parties were married[1] is not an order as to a separate claim that may be properly certified as a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. See Precision AmericanCorp. v. Leasing Serv. Corp., 505 So.2d 380 (Ala. 1987); Williams v.Fogarty, 727 So.2d 831 (Ala.Civ.App. 1999).
Second, even if the trial court's order properly could have been the subject of a Rule 54(b) certification, I am not persuaded *Page 568 
that the certification in the present case was adequate. The trial court did not make any reference to Rule 54(b) in its order and did not make "an express determination that there is no just reason for delay" as required by the rule. See Schneider Nat'l Carriers, Inc. v. Tinney, 776 So.2d 753
(Ala. 2000); Moore v. Moore, 666 So.2d 5 (Ala.Civ.App. 1995); see alsoMarlow v. Waters, [Ms. 2011267, Mar. 28, 2003] 858 So.2d 980
(Ala.Civ.App. 2003).
I therefore must conclude that this Court is without jurisdiction of this matter because it is an attempted appeal from a nonfinal, interlocutory order, not from a final judgment. The appeal therefore should be dismissed.
CRAWLEY, J., concurs.
[1] The court characterizes this finding as a "partial finding."