Bruce McGill, the husband, appeals from a divorce judgment entered by the Baldwin Circuit Court. However, his appeal is due to be dismissed because it is from a nonfinal judgment.
The husband married Lee Ann McGill, the wife, in 1989. They had no children. In November 2001, the wife filed a complaint for a divorce on the grounds of incompatibility of temperament and cruelty. The husband filed a counterclaim for a divorce, also asserting the ground of incompatibility of temperament. Both parties requested that the trial court make an equitable division of all the marital property.
After a failed attempt to settle the case through mediation, a trial was held in October 2002. Based on ore tenus and documentary evidence received at the trial, the trial court entered a judgment divorcing the parties for unspecified grounds on October 28, 2002. In the judgment, the trial court reserved the issue of periodic alimony. As to the division of the marital property, the trial court ordered that certain real property be sold, including the parties' condominium, and it specifically divided the parties' remaining real property between them; it also awarded each party his or her bank accounts, investment accounts that were in the party's name, and the vehicles that were in the party's possession. However, as to the remaining personal property, the judgment stated: "The [wife] shall make 2 lists and the [husband] shall pick which list he wants." The record contains no information regarding whether the wife made two lists of personal property or whether the husband chose a list of personal property; nor does the record contain a disposition of the personal property by the trial court. *Page 504 
On November 15, 2002, the husband filed a timely motion requesting that the trial court alter, amend, or vacate its judgment or, in the alternative, that it grant him a new trial. After a hearing on the husband's motion, the trial court entered an order on January 15, 2003, generally denying the husband's motion, but providing for the husband's occupancy of the condominium pending its sale and making other relatively minor modifications to its October 28 judgment. On January 27, 2003, the trial court modified its January 15, 2003, order nunc pro tunc, increasing the husband's property award by awarding him an additional amount from the equity in the marital home. On February 6, 2003, the wife filed a "Motion to Reconsider Post-Trial Orders, or in the Alternative to Clarify Post-Trial Orders."[1] In part, the wife's motion addressed the increased property award to the husband that was contained in the January 27, 2003, order.
On February 21, 2003, the wife filed a second "motion to reconsider" that was almost identical to her February 6, 2003, motion, except that it added an additional request for clarification as to certain tax matters. After holding a hearing on the wife's motions, the trial court entered an order "rescinding" the increase in the husband's property award that was contained in the January 27, 2003, order. The husband appeals.
The husband contends on appeal that the trial court did not have jurisdiction to modify its January 27, 2003, order because, he says, the wife failed to file a timely postjudgment motion and because, he says, her "motions to reconsider" did not qualify as motions filed pursuant to Rule 60, Ala. R. Civ. P. The husband also contends that the trial court erred as to the division of the marital property and that it erred by not awarding him periodic alimony. However, we pretermit any discussion of the husband's contentions because the trial court's judgment is not a final judgment.
The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See JimWalter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App. 1979).
 "A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. . . . All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own."
Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623, 625
(Ala. 1976). Accordingly, this court, in Grubbs v. Grubbs,729 So.2d 346, 347 (Ala.Civ.App. 1998), held that a divorce judgment was not final where the distribution of the personal property had not yet been completed by the trial court and that this court therefore could not "know all the circumstances" of that particular case.
Based on the record now before us, we have no way of discerning what the division of the parties' personal property might be or how that division might affect *Page 505 
the equities under the circumstances of this case.[2] SeeGrubbs, 729 So.2d at 347 (when reviewing a property division, this court must "consider the type and value of the property awarded to each party to determine whether the overall award was equitable under the circumstances of the particular case" (emphasis omitted)). There must be some final disposition of the personal property by the trial court before its judgment is final. See id.
Accordingly, the husband's appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] "The Alabama Rules of Civil Procedure make no reference to a `motion to reconsider.' However, this Court treats a motion so styled as a Rule 59(e) motion to `alter, amend, or vacate' a judgment, if it complies with the guidelines for such post-trial motions set out in Rule 59. See, McAlister v. Deatherage,523 So.2d 387 (Ala. 1988)." Ex parte Johnson, 673 So.2d 410, 412
(Ala. 1994).
[2] Although the wife might have made, or might in the future make, two lists, each listing property with a total value nearly equal to that of the property on the other list, we cannot presume this; nor can we presume what the husband's choice might have been, or might be, as between any two such lists.