PITTMAN, Judge.
This appeal arises from an action brought in March 2002 by Carrie Anna Lee McIntyre (“the wife”) in which she sought a divorce from William Henry McIntyre, Jr. (“the husband”), and associated relief, including an equitable division of the property acquired by the parties during their marriage. After an ore tenus proceeding, the trial court entered on April 4, 2003, what it termed a “final decree” divorcing the parties, determining that a residence and 54 acres located in Lauderdale County (hereinafter “the property”) were part of the marital estate and directing that the property be sold by the trial court clerk at a public auction. However, the trial court’s “final decree” also provided that, following the sale, it would “either approve or disapprove the sale” and would “determine ... any reimburse *588 ment expenses incurred by either party ... incidental to the sale of the property”; moreover, the trial court ruled that “[a]t-torney’s fees, cost[s] and expenses of the parties and their attorneys and the remaining proceeds after payment of [those] expenses will be payable to the parties as determined by the Court.” In response to the parties’ subsequent motions, the trial court directed that 14 additional acres of land be sold at auction, but it did not otherwise significantly amend the “final decree.”
The husband appeals, contending, among other things, that the trial court did not address the parties’ respective responsibilities with regard to satisfying the mortgage indebtedness on the property and that the trial court’s property division is inequitable. However, the trial court has not, as yet, entered a “final judgment” (see § 12-22-2, Ala.Code 1975) that would to support an appeal; therefore, we cannot reach the merits of the issues raised by the husband.
Just as the appeals in Grubbs v. Grubbs, 729 So.2d 346 (Ala.Civ.App.1998), and in McGill v. McGill, 888 So.2d 502 (Ala.Civ.App.2004), were improperly taken before the trial court had completed the distribution of the marital property, the husband in this case has attempted to appeal from a trial-court order that expressly reserves jurisdiction to apportion particular marital assets. Specifically, in this case, the trial court has reserved jurisdiction to determine not only the expenses and fees that are to be deducted from the proceeds of the judicial sale of the property, but also what proportion of the proceeds from the sale are to be awarded to each party (“the remaining proceeds after payment of ... expenses will be payable to the parties as determined by the CouH ” (emphasis added)). Compare Crabtree v. Crabtree, 695 So.2d 38, 39 (Ala.Civ.App.1996) (holding that appeal was properly taken after trial court entered a final judgment disbursing previously withheld proceeds of judicial sale of jointly owned home because that judgment “disposed of all the dispositive issues pertaining to the disbursal of the proceeds”). As in Grubbs, “[bjeeause the trial court has made no final distribution of all the parties’ property, this court does not know all the circumstances of this particular case,” and, therefore, “we must dismiss this appeal because the divorce judgment is not final.” 729 So.2d at 347.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.