Glenn Edwin Hubbard ("the husband") appeals from a judgment of the Dale Circuit Court divorcing him from Debra M. Hubbard ("the wife"). We dismiss the appeal as being from a nonfinal judgment.
The parties were married in October 1987. At the time this action was filed, the parties had one surviving child, a son who was 13 years old. The wife filed this action in the Houston Circuit Court in February 2004, seeking a divorce on the ground of incompatibility and seeking custody of the parties' minor child. The case was transferred to the Dale Circuit Court in August 2004 and was subsequently consolidated *Page 1192 
with a child-support case also pending between the parties. The case was tried ore tenus on October 19, 2004. On October 26, 2004, the trial court entered a judgment that divorced the parties, awarded the parties joint legal and physical custody of the parties' minor child, and declined to award child support to either party. The trial court reserved ruling on all other issues.
On November 10, 2004, the trial court amended its October 26, 2004, judgment to address the division of the marital property as follows: the parties' vehicles, furniture, and personal items were divided; the husband was awarded the marital homeplace consisting of a double-wide mobile home and 2 acres of land; the wife was awarded approximately 25-27 acres of land adjacent to the homeplace; the wife was ordered to be responsible for paying her student-loan debt; the husband was ordered to be responsible for all of the payments to be made under the husband's Chapter 13 bankruptcy plan and all other debts of the marriage, except for the wife's student-loan debt; and the trial court retained jurisdiction to modify the distribution of property and title to the double-wide mobile home and the 2 acres of land if "the husband converts his Chapter 13 Bankruptcy or does not complete his payment plan so that the wife became responsible for paying the debts of the parties," for which the husband was responsible.[1]
In December 2004, the husband filed a motion for a new trial on the grounds that the judgment was not supported by the evidence and that the trial court had abused its discretion in making the property division. On January 18, 2005, the trial court amended its judgment with respect to its award of one of the parties' automobiles, but otherwise it denied the husband's motion. The husband appeals.
Although neither party has raised the issue of this court's jurisdiction over this appeal, we note that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman,373 So.2d 869, 871 (Ala.Civ.App. 1979). Because we find that there was no final judgment, we dismiss the appeal.
Our Supreme Court has defined a final judgment as
 "a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. . . . All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own."
Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623, 625
(Ala. 1976).
We have not located a case exactly like the present case, in which the trial court made a disposition of all of the marital *Page 1193 
property but purported to retain jurisdiction to modify the property division upon the occurrence of some contingency. This court has, however, frequently dismissed appeals from judgments that failed to dispose of all of the marital property or otherwise failed to adjudicate all issues between the parties.See Deal v. Deal, 899 So.2d 1010 (Ala.Civ.App. 2004) (the husband was ordered either to pay the wife $11,500 as a property settlement or to pay that amount over time as periodic alimony);McIntyre v. McIntyre, 889 So.2d 587 (Ala.Civ.App. 2004) (the trial court retained jurisdiction to approve the expenses of a sale of marital property and to divide the net proceeds between the parties); and McGill v. McGill, 888 So.2d 502
(Ala.Civ.App. 2004) (judgment directing the wife to make two lists of the parties' remaining personal property and directing the husband to choose which list of property he wanted).
The judgment in this case disposes of all of the marital property, but the trial court purports to retain jurisdiction to modify the property division upon the happening of certain contingencies. By retaining jurisdiction to modify the property division, the trial court necessarily did not effect a complete adjudication of all matters in controversy. To phrase the matter another way, there remains "`something more for the court to do'" with respect to the disposition of the homeplace. Owens v.Owens, 739 So.2d 511, 513 (Ala.Civ.App. 1999) (quoting Wesleyv. Brandon, 419 So.2d 257, 258 (Ala.Civ.App. 1982)). Accordingly, the judgment is not final and therefore is not appealable.
Unlike an award of child support or alimony, a property division in a divorce is not ongoing but is a one-time thing.DuBoise v. DuBoise, 275 Ala. 220, 228, 153 So.2d 778, 785
(1963). Thus, a trial court lacks the power or authority to modify a final property division based on future events. Id. SeeMcEntire v. McEntire, 345 So.2d 316, 319-20 (Ala.Civ.App. 1977) (a trial court had no authority to modify a husband's obligation to make mortgage payments whether that obligation was characterized as either a part of the property settlement or as alimony in gross).
Because the trial court purported to retain jurisdiction to modify the property division based upon future events, it has not entered a final judgment reviewable by this court on appeal.[2] Accordingly, the husband's appeal is due to be dismissed.
The wife's request for the award of an attorney fee on appeal is denied.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] At the time of the trial, the husband's Chapter 13 bankruptcy plan called for him to make payments of $625 per month, with 51 payments remaining. Although the record is not clear, it appears that much of the debt included in the husband's Chapter 13 bankruptcy plan relates to a failed business of the husband, the mobile home, and the two acres of land awarded to the husband.
The record is also not clear as to whether the wife is personally obligated on any of the debt included in the husband's Chapter 13 bankruptcy plan.
[2] If the trial court's intention in retaining jurisdiction to modify the property division was to insure that the wife was not forced to pay debts for which the husband was responsible, the trial court is free to impose an obligation on the husband to indemnify the wife, or to grant the wife a mortgage or security interest in some or all of the property awarded to the husband.