William Eugene Blythe ("the husband") appeals a judgment divorcing him from Bennie O'Barr Blythe ("the wife"). We dismiss the appeal.
On November 15, 2004, the wife sued the husband, seeking, among other things, a divorce, alimony, an equitable division of the parties' marital assets, and an attorney's fee. Answering, the husband denied the material allegations of the wife's complaint. Thereafter, the action proceeded to trial.
Following the trial, the trial court, on July 25, 2005, entered a judgment titled "Final Decree of Divorce," which divorced the parties. That judgment stated that the marital assets should be divided equally between the parties. However, instead of actually dividing the marital assets the trial court appointed a special master to submit a report listing the parties' marital assets and their values and set a hearing date regarding the division of those assets.
The husband then moved the trial court to alter, amend, or vacate its July 25, 2005, judgment or, in the alternative, to grant the husband a new trial. The trial court then entered a judgment on June 28, 2006, that, among other things, denied that motion. On July 26, 2006, the trial court entered an order that states: "The Judgment dated June 28, 2006[,] is hereby deemed to be a final judgment for the purposes of appeal."
Subsequently, the husband filed a pleading titled "Brief in Support of Defendant's Motion for New Trial or[,] in the alternative[,] to Alter, Amend, or Vacate the Final Decree of Divorce." In that pleading, the husband requested that the trial court vacate its divorce judgment on the same grounds the husband had asserted previously.
On August 4, 2006, the trial court set aside its July 26, 2006, order and entered a new order that was identical to the July 26, 2006, order. The husband then appealed to this court.
As a threshold matter, we must first determine whether the husband appeals from a final judgment because, ordinarily, we cannot exercise jurisdiction over an appeal from a nonfinal judgment. See Hubbard v. Hubbard, 935 So.2d 1191, 1192
(Ala.Civ.App. 2006); and Winecoff v. Compass Bank,854 So.2d 611, 614 (Ala.Civ.App. 2003). Although the July 25, 2005, judgment states that the marital property should be divided equally, it does not actually divide the marital property. Moreover, it does not adjudicate the wife's claim for alimony. Consequently, the July 25, 2005, judgment is not a final judgment.[1] Cf. Grubbs v. Grubbs, 729 So.2d 346
(Ala.Civ.App. 1998) (concluding that a divorce judgment was nonfinal because, instead of actually dividing the parties' personal property, it ordered one party to make two lists of the their personal property and awarded the other party the property identified on the list of his choosing); and McGill v.McGill, 888 So.2d 502, 505 (Ala.Civ.App. 2004) (same);see also Edmonds Indus. Coatings, Inc. v. Lolley, *Page 1020 
863 So.2d 1121, 1122 (Ala.Civ.App. 2003) ("A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris,506 So.2d 1003, 1004 (Ala.Civ.App. 1987).").
"The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean [v. Craig],557 So.2d [1249,] 1253 [(Ala. 1990)]."[2] Lolley,863 So.2d at 1122. Although, in the case now before us, the trial court entered an order purporting to certify the June 28, 2006, order denying the husband's post-judgment motion as a final judgment, we must determine whether that order was sufficient to satisfy the requirements of Rule 54(b).
In Schneider National Carriers, Inc. v. Tinney,776 So.2d 753, 754 (Ala. 2000), our supreme court held that a trial court had validly certified a judgment as final pursuant to Rule 54(b) by stating that the judgment was "`expressly made a final judgment,'" and citing Rule 54(b), thus implicitly incorporating the language of the rule into that judgment. However, inHanner v. Metro Bank Protective Life InsuranceCo., 952 So.2d 1056, 1061 (Ala. 2006), the supreme court concluded that, although the trial court had stated that the judgment "`resolves all controversies pending in this case with prejudice and is final in accordance with the Alabama Rules of Civil Procedure,'" the trial court's failure either to cite Rule 54(b) or to quote the language of that rule rendered its purported Rule 54(b) certification invalid. Id. See alsoMarlow v. Waters, 858 So.2d 980 (Ala.Civ.App. 2003) (concluding that the trial court had not validly certified the judgment as final pursuant to Rule 54(b) by stating that a party had 42 days to file a notice of appeal).
In the case now before us, the trial court's order purporting to certify the judgment as final neither cited Rule 54(b) nor used the language of Rule 54(b). Thus, the purported 54(b) certification in the case now before us is analogous to the purported 54(b) certification in Hanner and, therefore, the June 28, 2006, order is not a validly certified final judgment.[3] Because the husband appeals from a nonfinal judgment, we have no jurisdiction over his appeal and, therefore, must dismiss it. See Winecoff, supra.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.
[1] The July 25, 2005, judgment also does not adjudicate the wife's claim for an attorney's fee; however, the failure to dispose of that claim would not have rendered the judgment nonfinal if the judgment had disposed of the claims seeking a division of the marital property and alimony. See State Bd.of Educ. v. Waldrop, 840 So.2d 893, 899 (Ala. 2002) ("[A] decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication.").
[2] Rule 54(b), Ala. R. Civ. P., provides, in pertinent part:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
[3] Even if the judgment had been validly certified as final pursuant to Rule 54(b), such a certification would have been inappropriate. See Peden v. Peden, 931 So.2d 721
(Ala.Civ.App. 2005) (dismissing the appeal when certification of the divorce judgment pursuant to Rule 54(b) was inappropriate because the trial court had failed to adjudicate the division of the parties' marital debts and, therefore, had failed to divide of all the parties' marital property). *Page 1021