MOORE, Judge.
 

 Kristie Dawn Stocks (“the mother”) appeals from a judgment entered by the Fayette Circuit Court (“the trial court”) awarding custody of one of her minor children, M.S., to Betty Stocks (“Stocks”), the child’s paternal grandmother, and awarding custody of her other minor child, T.S., to Deborah S. Oswalt and her husband, Michael L. Oswalt (“the Oswalts”), the child’s paternal aunt and uncle. We dismiss the appeal.
 

 The judgment at issue arose from a divorce complaint that was filed by the mother in August 2004 against Michael Anthony Stocks (“the father”). In that complaint, the mother requested that she be awarded custody of M.S. and T.S. (sometimes hereinafter referred to collectively as “the children”) and child support and that the trial court make an equitable division of the parties’ property. Originally, the trial court entered a default judgment awarding custody of the children to the mother, requiring the father to pay child support in an amount in conformance with the Alabama Child-Support Guidelines,
 
 see
 
 Rule 32, Ala. R. Jud. Admin., and dividing the parties’ marital assets and debts. In October 2004, the trial court set aside that judgment on a motion filed by the father.
 

 On March 3, 2008, the father filed an answer and a counterclaim asserting that the mother was not fit to have custody of the children; that, since September 2007, M.S. had been residing with Stocks and T.S. had been residing with the Oswalts; that the father should be awarded custody of the children; and that the children should be allowed to remain with Stocks and the Oswalts.
 
 [1]
 
 On that same date, the
 
 *482
 
 trial court entered an order awarding pen-dente lite custody of the children to the father and requiring that the children continue to reside with Stocks and the Os-walts.
 

 The mother moved the trial court to strike the father’s answer and counterclaim and to dissolve the order awarding the father pendente lite custody. The mother then amended her complaint to seek custody of the children, both penden-te lite and upon a final hearing. The mother also requested that she be awarded child support and alimony, both pendente lite and upon a final hearing, and that the trial court make an equitable division of the parties’ property. On March 7, 2008, the date set for the hearing on the mother’s motions to strike and to dissolve the pendente lite custody order, Stocks and the Oswalts moved to intervene in the action; they also filed a joint petition in which Stocks sought custody of M.S. and the Oswalts sought custody of T.S., both pendente lite and upon a final hearing, on the grounds that the mother and the father had voluntarily relinquished custody of the children to them and that the mother and the father were unfit to have custody of the children.
 

 On March 14, 2008, the trial court awarded pendente lite legal custody of the children jointly to the mother and the father. The trial court awarded pendente lite physical custody of M.S. to Stocks and pendente lite physical custody of T.S. to the Oswalts. The trial court also awarded the mother specified unsupervised visitation with the children and ordered the mother to submit to random drug screens. Thereafter, on March 25, 2008, the trial court entered a judgment divorcing the mother and the father, but reserving all other issues. The mother then filed an answer denying all the allegations in the petition for custody filed by Stocks and the Oswalts.
 

 On July 23, 2008, the trial court conducted a trial “on the Complaint of [the mother], Answer and Counterclaim of [the father,] and Petition for Custody of [Stocks and the Oswalts],” as well as on contempt motions that had been filed by the mother. In an order entered on October 1, 2008, the trial court determined that the mother and the father had not voluntarily relinquished custody of the children to Stocks and the Oswalts, but it also determined that both the mother and the father were unfit to have custody of the children. The trial court awarded legal and physical custody of M.S. to Stocks, and it awarded legal and physical custody of T.S. to the Oswalts. The trial court also awarded the mother specified unsupervised visitation with the children, ordered the father to pay child support in the amount of $297.50 per month to both Stocks and the Oswalts, and reserved jurisdiction to order the mother to pay child support to Stocks and the Oswalts until such time as the mother becomes employed. The trial court found that none of the parties were in contempt, and it terminated the requirement that the mother submit to random drug screens. In the order, the trial court did not rule on the mother’s request for alimony or her request for an equitable division of her and the father’s property. The mother filed her notice of appeal on November 4, 2008.
 
 [2]
 

 On appeal, the mother argues primarily that the trial court erred in finding her unfit and in separating the children and awarding custody of M.S. to Stocks
 
 *483
 
 and custody of T.S. to the Oswalts. The mother also argues that the trial court erred in denying her contempt motions. She also requests that this court award her costs and attorney fees on appeal.
 

 “Although neither party has raised an issue regarding this court’s jurisdiction,
 

 “ ‘ “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.” Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.
 
 See Jim Walter Homes, Inc. v. Holman,
 
 373 So.2d 869, 871 (Ala.Civ.App.1979).’
 

 “Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006).
 
 See also
 
 § 12-22-2, Ala.Code 1975.
 

 “This court has previously stated:
 

 “ ‘ “ ‘It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’ ”
 
 Owens v. Owens,
 
 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting
 
 Taylor v. Taylor,
 
 398 So.2d 267, 269 (Ala.1981). This court has stated:
 

 “ ‘ “A final judgment is one that completely adjudicates all matters in controversy between all the parties.
 

 “ ‘ “... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ See Rule 54(b), Ala. R. Civ. P.” ’
 

 “Adams v. NaphCare, Inc.,
 
 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (quoting
 
 Eubanks v. McCollum,
 
 828 So.2d 935, 937 (Ala.Civ.App.2002)).”
 

 Blankenship v. Blankenship,
 
 963 So.2d 112, 114 (Ala.Civ.App.2007).
 

 In the case before us, the trial court reserved jurisdiction to order the mother to pay child support upon her obtaining employment. Such an order is, in effect, a denial of child support that finally adjudicates that issue.
 
 See Parker v. Parker,
 
 946 So.2d 480, 486 (Ala.Civ.App.2006). However, the trial court did not divide the mother and the father’s marital property or rule on the mother’s request for alimony.
 
 See Blankenship, supra
 
 (holding that failure of trial court to equitably divide marital property as requested rendered divorce judgment nonfinal), and
 
 Blythe v. Blythe,
 
 976 So.2d 1018, 1019 (Ala.Civ.App.2007) (“Final Decree of Divorce” that did not adjudicate alimony claim held nonfi-nal). The trial court in this case also did not certify its order as final pursuant to Rule 54(b), Ala. R. Civ. P.
 
 See Blythe,
 
 976 So.2d at 1020. Accordingly, the trial court’s October 1, 2008, order is not a final judgment, and we must dismiss the appeal.
 

 Based on our disposition of the mother’s appeal, we deny the mother’s request for the award of costs and attorney fees.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The father had originally filed an answer and a counterclaim in September 2004 before the default judgment was set aside.
 

 [2]
 

 . The father was not named as an appellee in the mother's notice of appeal, and he has not filed a brief with this court.