MOORE, Judge.
 

 Diane E. Johnson (“the wife”) appeals from an order entered by the Barbour Circuit Court in a divorce action between her and Clarence L. Johnson (“the husband”).
 

 Procedural History
 

 On December 9, 2005, the husband filed a complaint seeking a divorce from the wife and an equitable division of the parties’ jointly owned real and personal property. On January 13, 2006, the wife filed an answer to the husband’s complaint; she also sought an award of periodic alimony.
 

 
 *916
 
 On February 6, 2006, the wife filed a “motion for pendente lite hearing,” requesting that, pending a final hearing, she be awarded a monthly amount for spousal support. Following a hearing on February 22, 2006, at which counsel for both parties informed the court that they had reached an agreement pertaining to the pendente lite issues and placed the terms of the agreement on the record, the trial court, on February 27, 2006, entered a pendente lite order that, among other things, ordered the husband to pay to the wife $700 per month in spousal support and ordered the husband to pay insurance on the vehicle being driven by the wife and on the marital residence.
 

 On November 7, 2006, the wife filed a motion asking that the trial court find the husband in contempt for his failure to pay to the wife the monthly spousal support as ordered, issue a restraining order preventing the husband from entering upon the premises of the marital residence, and increase the husband’s monthly spousal-support obligation. Following a hearing on March 13, 2007, at which ore tenus evidence was received, the trial court entered an order on April 20, 2007, that, among other things, (1) ordered that the marital residence be listed with a realtor and sold; (2) ordered the husband to pay all copays for doctor visits and prescription drugs, to keep medical insurance in effect, and to pay all outstanding medical bills pertaining to the parties; (3) ordered the husband to pay spousal support in the amount of $800 per month; (4) ordered the husband to return the lawnmower, “weed eater,” and other items needed for maintenance of the yard and to assist with the upkeep of the yard until such time as the marital residence was sold; (5) ordered the parties to maintain the status quo as to all certificates of deposit, bonds, and personal property and ordered the parties not to dispose of, disperse, and/or dissolve any of the personal and real property of the parties; and (6) reserved final disposition of the marital assets, moneys, certificates of deposit, bonds, proceeds from the sale of the marital residence, alimony, and any other matters until such time as the marital residence was sold.
 

 Both parties filed additional contempt motions, and orders were entered by the trial court on those motions. Thereafter, on June 30, 2008, the trial court entered an order “after hearing extensive oral testimony during trial” that, among other things, (1) divorced the parties; (2) ordered that the marital residence located in Clio, Alabama, be sold and
 
 that a hearing “be set for division of the proceeds from [that] sale, as well as, [for] division of Certificates of Deposit”
 
 (emphasis added); (3) divided certain of the parties’ personal property; (4) ordered each party to be responsible for his or her own debts; (5) awarded each party his or her individual checking accounts and the funds therein; (6) declined to award the wife periodic alimony; and (7) declined to award either party any form of property settlement from the other party. On July 30, 2008, the wife filed a “motion for reconsideration or in the alternative motion for new trial”; that motion was denied by the trial court on August 22, 2008. On September 29, 2008, the wife filed a notice of appeal to this court.
 

 Subsequent to the filing of the wife’s notice of appeal, the trial court, on September 30, 2008, purported to enter the following order: “The court having been notified of an appeal being taken by the [wife] it is hereby ordered, adjudged and decreed that all proceedings are stayed pending appeal.” Thereafter, on October 7, 2008, the trial court purported to enter the following order:
 

 
 *917
 
 “The Court having received correspondence from the [wife] through her attorney ... that she does not intend to file an appeal bond hereby lifts and vacates the stay previously entered. The closing shall proceed and all funds and proceeds due either party shall be in-terplead[ed] into court for equitable distribution .... ”
 

 On October 20, 2008, the trial court then purported to enter the following order: “The Court hereby sets this case for a hearing on distribution of marital assets for October 30, 2008 at 10:00 a.m. at the Barbour County Courthouse, Clayton Division.” The hearing set for October 30, 2008, was continued by the trial court and, it appears from the record, was eventually held on December 10, 2008. On December 10, 2008, the trial court purported to render the following order: “That any and all rights of [the wife] to be designated a beneficiary under the Joint and Survivor Annuity plan of payment elected by [the husband] from Ohio Police & Fire Pension Fund be hereby cancelled and of no further force and effect.” That purported order was not put into the State Judicial Information System (“SJIS”) and, thus, was not entered by the trial court,
 
 see
 
 Rule 58(c), Ala. R. Civ. P. There is, however, a December 10, 2008, entry in SJIS, which states: “Testimony taken and judge to rule and do order.” Thereafter, the trial court, on January 13, 2009, purported to enter an order disposing of the remaining marital assets of the parties.
 

 On March 2, 2009, counsel for the husband filed a “suggestion of death” in the trial court, indicating that the husband had died on February 21, 2009. On March 10, 2009, counsel for the husband filed a suggestion of death with this court. On April 13, 2009, counsel for the husband filed a motion to substitute Jodi Halagan, as personal representative of the husband’s estate, as the appellee in this case. That motion was granted by this court that same day.
 

 Analysis
 

 Because “ ‘ “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu,” ’ ”
 
 Horton v. Horton,
 
 822 So.2d 431, 433 (Ala.Civ.App.2001) (quoting
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)), we must first consider whether we have jurisdiction over this appeal.
 

 “[Jjurisdiction of a case can be in only one court at a time,”
 
 Foster v. Greer & Sons, Inc.,
 
 446 So.2d 605, 608 (Ala.1984), and, “ ‘[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.’ ”
 
 Horton,
 
 822 So.2d at 434 (quoting
 
 Ward v. Ullery,
 
 412 So.2d 796, 797 (Ala.Civ.App.1982)). Thus, in the present case, the filing of the wife’s notice of appeal on September 29, 2008, divested the trial court of jurisdiction to act in the parties’ divorce action, which encompassed the division of all the parties’ real and personal property, until that appeal was resolved. “An order entered by a trial court without jurisdiction is a nullity.”
 
 J.B. v. A.B.,
 
 888 So.2d 528, 532 (Ala.Civ.App.2004). Accordingly, all orders entered by the trial court after September 29, 2008, “ ‘except [orders entered] in matters entirely collateral to the appeal,’ ” are nullities.
 
 HoHon,
 
 822 So.2d at 434.
 

 Having determined that the orders entered by the trial court after September 29, 2008, are nullities, we must now determine whether the trial court’s June 30, 2008, order is a final judgment that will support an appeal.
 

 “ ‘... The question whether a judgment is final is a jurisdictional ques
 
 *918
 
 tion, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.
 
 See Jim
 
 Walter
 
 Homes, Inc. v. Holman,
 
 373 So.2d 869, 871 (Ala.Civ.App.1979).’
 

 “Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006).
 
 See also
 
 § 12-22-2, Ala.Code 1975.
 

 “This court has previously stated:
 

 “ ‘ “ ‘It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’”
 
 Owens v. Owens,
 
 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting
 
 Taylor v. Taylor,
 
 398 So.2d 267, 269 (Ala.1981). This court has stated:
 

 “ ‘ “A final judgment is one that completely adjudicates all matters in controversy between all the parties.
 

 “ . An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ See Rule 54(b), Ala. R. Civ. P.” ’
 

 “Adams v. NaphCare, Inc.,
 
 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (quoting
 
 Eubanks v. McCollum,
 
 828 So.2d 935, 937 (Ala.Civ.App.2002)).”
 

 Blankenship v. Blankenship,
 
 963 So.2d 112, 114 (Ala.Civ.App.2007). Additionally, this court, in
 
 Grubbs v. Grubbs,
 
 729 So.2d 346, 347-48 (Ala.Civ.App.1998), held that a divorce judgment that “made no final distribution of
 
 all
 
 the parties property” was not a final judgment.
 
 See also McGill v. McGill,
 
 888 So.2d 502, 504 (Ala.Civ.App.2004).
 

 In the present case, the trial court did not finally dispose of
 
 all
 
 the marital assets of the parties in its June 30, 2008, order; instead, the trial court ordered that the marital residence be sold and further ordered that a hearing “be set for division of the proceeds from [that] sale, as well as, [for] division of [the] Certificates of Deposit.” That order was a nonfinal judgment because it did not “ ‘ “completely adjudicate[ ] all matters in controversy between ... the parties.” ’ ”
 
 Blankenship,
 
 963 So.2d at 114. Additionally, the trial court did not certify its June 30, 2008, order as final pursuant to Rule 54(b), Ala. R. Civ. P.
 
 See id.
 
 Accordingly, the trial court’s June 30, 2008, order is not a final judgment, and we must dismiss the appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and TPIOMAS, JJ., concur.