PITTMAN, Judge.
 

 Joni O’Shields Sims (“the wife”) appeals from a judgment divorcing her from Edward Lee Sims (“the husband”) that, she claims, improperly divided the parties’ marital assets and did not award her alimony or direct the husband to provide her health-insurance coverage.
 

 The parties were married on October 24, 1977; they separated on October 31, 2004, when the husband moved out of the marital residence. The parties’ only child had reached the age of majority before the divorce complaint was filed.
 

 On October 19, 2005, the trial court conducted an ore tenus proceeding at which the parties testified and offered documentary evidence. Over two years later, on December 3, 2007, the trial court entered a judgment divorcing the parties. In that judgment, the parties were instructed to sell their jointly owned real property and to equally split the proceeds after paying the debts secured by each parcel and the costs associated with selling each parcel. The wife filed a timely postjudgment motion, which was granted in part on March 18, 2008. In its order granting in part the wife’s postjudgment motion, the trial court directed the wife to make two lists of the parties’ personal property and household goods and instructed the husband to choose which list represented the items he wanted the court to award him, leaving the items identified on the second list for the wife.
 

 The wife appealed within 42 days of the entry of the March 18, 2008, order. She challenges the trial court’s property divi
 
 *72
 
 sion and that court’s decision not to order the husband to pay periodic alimony or to provide health-insurance coverage for the wife. In addition, the wife asserts that the trial court’s entry of a judgment after 25 months had elapsed following the ore ten-us proceeding was outside the trial court’s discretion. For the reasons discussed below, we must dismiss the appeal.
 

 As a threshold matter, we must first determine whether the wife appeals from a final judgment, because, ordinarily, we cannot exercise jurisdiction over an appeal from a nonfinal order.
 
 See Blythe v. Blythe,
 
 976 So.2d 1018, 1019 (Ala.Civ.App.2007), and
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006). As a general rule, “ ‘[a] judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.’ ”
 
 Blythe,
 
 976 So.2d at 1020 (quoting
 
 Edmonds Indus. Coatings, Inc., v. Lolley,
 
 863 So.2d 1121, 1122 (Ala.Civ.App.2003)).
 

 Although the postjudgment order states that the parties’ marital property should be divided “equitably,” it does not actually divide the marital property. This court has consistently held that trial-court orders instructing the parties to prepare lists in order to effectuate a property division are nonfinal until a division of the property actually occurs.
 
 See, e.g., McGill v. McGill,
 
 888 So.2d 502, 505 (Ala.Civ.App.2004) (concluding that a divorce judgment was nonfinal because, instead
 
 of actually
 
 dividing the parties’ personal property, it ordered one party to make two lists of the their personal property and awarded the other party the property identified on the list of his choosing), and
 
 Grubbs v. Grubbs,
 
 729 So.2d 346, 347 (Ala.Civ.App.1998) (same). Nothing contained in the record on appeal indicates that the parties have ever complied with the personal-property division. Consequently, the wife has attempted to appeal from a nonfinal judgment.
 

 Moreover, just as in
 
 McGill
 
 and
 
 Grubbs, supra,
 
 we cannot discern how the personal-property division might affect the equities under the circumstances of the this case. There must be some final disposition of the personal property by the trial court before its judgment is final.
 
 See McGill,
 
 888 So.2d at 505, and
 
 Grubbs,
 
 729 So.2d at 347. Accordingly, the wife’s appeal is due to be dismissed.
 

 The wife’s request for an award of an attorney fee on appeal is denied.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.