THOMAS, Judge!
Patricia Kyles (“the .wife”) appeals from a judgment of the Mobile Circuit Court (“the trial court”) divorcing her and Gregory Bernard Kyles (“the husband”) and, among other things, awarding her monthly alimony; the wife asserts that the amount of monthly alimony awarded to her is insufficient.
We first address the unusual procedural posture of this case. On June 4, 2012, the husband filed a complaint in the trial court seeking a divorce; the wife filed an answer and a counterclaim for a divorce on February 26, 2013.[1] A trial was held on February 27, 2013, at which the trial court heard evidence ore .tenus. The trial court entered an order on April 8, 2013, divorcing the parties and awarding the wife $250 in monthly alimony. The trial court awarded the husband several items of personal property; however, the trial court’s order also stated:
“In order to effectuate the division of the personal property the [husband] shall make two lists within fourteen (14) days of this decree equally dividing the remaining personal property. The [wife] shall have fourteen (14) days after receiving said lists' to select the list of property that will be- hers. The parties shall notify the Court immediately upon the [wife’s] selection of the list to be awarded to her and any order shall be entered granting said property. Any personal property omitted from the lists of property prepared by the [husband] will be awarded to the [wife].”
The wife filed a motion seeking reconsideration of the order on May 3, 2013. After a hearing, the trial court entered an order on June 21, 2013, granting the portion of the wife’s motion seeking medical benefits through the husband insofar as she was qualified, to receive such medical benefits; the remaining relief requested in the wife’s motion was denied.
On August 2,2013, the wife filed a notice of appeal to this court; however, this court dismissed the appeal on February 3, 2014, for lack of prosecution due to the wife’s failure to file an appellate brief. The wife subsequently filed in the trial court, on February 13, 2014, a motion to enter a final judgment of divorce. In the motion, the wife stated that the husband had failed to submit the lists of personal property as ordered by the April 8, 2013, order and that, therefore, the April 8 order did not resolve all the issues between the parties, rendering the April 8 order nonfinal. On January 12, 2015, the wife filed a “notice to the court” stating that the husband had provided the two lists of personal property and that the wife had selected one of the lists. The trial eourt entered an order on January 28, 2015, awarding the wife the personal property on her selected list and awarding the husband the personal property on the other list. The wife filed a second notice of appeal to this court on March 5, 2015.
*686 At the outset, we must determine whether the April 8, 2013, order was a final judgment; if so, the wife’s notice of appeal filed on.March 5, 2015, was clearly filed outside the 42-day. time period in which to appeal, as prescribed by Rule 4, Ala. R.App. P.
“ ‘ “It is well settled law that 'jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Pace v. Utilities Bd. of Foley, 752 So.2d 510, 511 (Ala.Civ.App.1999) (quoting Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998)). We also note that an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived. Luker v. Carrell, 25 So.3d 1148, 1151 (Ala.Civ.App.2006). Additionally,' “[t]he question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006).’
“Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006).
“ ‘This court has consistently held that trial-court orders instructing the parties to prepare lists in order to effectuate a property division are nonfinal until a division of the property actually occurs.’ Sims v. Sims, 38 So.3d 71, 72 (Ala. Civ. App.2009). See also McGill v. McGill, 888 So.2d 502, 505 (Ala.Civ.App.2004), and Grubbs v. Grubbs, 729 So.2d 346, 347 (Ala.Civ.App.1998).”
Yarbrough v. Yarbrough, 142 So.3d 637, 639 (Ala.Civ.App.2013).
The husband argues in his appellate brief that the section of the trial court’s April 8, 2013, order instructing him to prepare lists,of personal property included a “catch-all” provision that, in the event the husband failed to submit the lists of personal property to wife within 14 days, awarded all of the parties’ personal property to the wife. However, the trial court’s April 8 order clearly stated that any property omitted from the lists prepared by the husband would be awarded to the wife. The husband failed to comply with the instruction to prepare the lists; we disagree that the trial court’s instruction regarding personal property omitted from a prepared list was tantamount to an order automatically dispersing all of the parties’ personal property to the wife should the husband fail to comply within the ordered 14 days. This conclusion is further bolstered by the trial court’s January 28, 2015, order awarding each party the personal property on his or her chosen list. We, therefore, conclude that the trial court’s April 8 order was not a final judgment and was incapable of supporting an appeal. Because “[tjhere must be some final disposition of the personal property by the trial court before its judgment is final,” Sims v. Sims, 38 So.3d 71, 72 (Ala.Civ.App.2009)(citing McGill v. McGill, 888 So.2d 502, 505 (Ala.Civ.App.2004), and Grubbs v. Grubbs, 729 So.2d 346, 347 (Ala. Civ.App.1998)), the trial court’s judgment divorcing the parties was not final until the trial court entered the January 28, 2015, order dividing the parties’ personal property. Thus, the wife’s notice of appeal filed on March 5,2015, was timely.
The record indicates that the parties were married for approximately 25 years; the children born of the marriage had reached the age of majority before this action commenced. At the trial, the husband testified that he had been retired from the United States military for about eight or nine years and that he had worked for the Alabama State Docks since December 2005. Evidence was presented to the trial court indicating that the hus *687 band received $1,700 a month in military-retirement benefits, which included veteran’s disability benefits. The husband also testified that he “takes home” $1,150 semimonthly from his employment with the State Docks. According to the husband, the parties own property in North Carolina (“the North Carolina property”) that is worth approximately $55,000 to $60,000. However, he further testified that that property was used to secure a home-equity line of credit (“the HELOC”), that the HELOC had a balance of about $20,000, and that he paid about $175 to $180 per month toward that balance. The husband also testified that the parties lived in a mobile home that was located on property that, according to him, was given to him by his parents (“the Mobile property”). It was undisputed that the deed to the Mobile property included only the husband’s name and that the names of both parties appeared on the deed to the North Carolina property. Although the husband did not testify regarding the value of the Mobile property, he estimated that the mobile home was subject to indebtedness in the amount of $85,000.
The wife testified that the parties had moved multiple times throughout the marriage due to the husband’s military career, that she had worked only “off and on,” and that, as a result, according to her, she had never accrued retirement funds in her name. She further testified that she had rarely earned more than minimum wage and that her most recent employment in Mobile had been as a mental-health worker earning minimum wage. ■ However, she also testified that she had not worked since having surgery in May 2012; the wife admitted that, although she suffered from arthritis in her back and knees, she was able to work. The wife did not estimate the value of the North Carolina property; however, she testified that, in her opinion, the house located on the property had fallen into such disrepair that it should be condemned, which the husband disputed. The wife also disputed that the Mobile property had been a gift to the husband from his parents, and she stated that they had purchased the property from the husband’s parents.
At the trial, the wife testified that she needed $1,200 to $1,300 a month to pay her rent and her expenses for utilities and to obtain a vehicle. The parties testified that the husband had a Ford F150 truck (“the truck”) in his possession; the husband testified that there was no indebtedness associated with the truck. The parties also testified that the vehicle that the wife had driven had been repossessed because the wife had failed to make the monthly payments on that vehicle.
The divorce judgment awarded the" husband the Mobile property, the truck, guns and ammunition, hunting and fishing equipment, and a boat and boat trailer. The wife was awarded' the North Carolina property and $250 in monthly periodic alimony. The parties’ remaining personal property was divided between the parties according to the lists that the husband was instructed to prepare pursuant to the divorce judgment. The divorce judgment also stated that each party was responsible for any debts in his or her name and that each was awarded any pension or retirement fund in his or her name, although the parties acknowledge that the wife has no pension or retirement fund in her name.
The wife’s sole argument on appeal is that the award of $250 in monthly periodic alimony was inequitable and exceeded the trial court’s discretion.
“Our standard of review of a judgment determining an award of alimony and dividing marital property is • well settled:
*688 ‘“When the trial court fashions a property division following the presentation of ore tenus evidence, its judgment as to that evidence is presumed correct on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that its decision is plainly and palpably wrong. Roberts v. Roberts, 802 So.2d 230, 235 (Ala.Civ.App.2001); Parrish v. Parrish, 617 So.2d 1036, 1038 (Ala. Civ.App.1993); and Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986). A property division is required to be equitable, not equal, and a determination of what is equitable rests within the broad discretion of the trial court. Parrish, 617 So.2d at 1038. In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages, health, and station in life; the length of the parties’ marriage; and the source, value, and type of marital property. Robinson v.Robinson, 795 So.2d 729, 734 (Ala. Civ.App.2001). “[W]e note that there is no rigid standard or mathematical formula on which a trial court must base its determination of alimony and the division of marital assets,” Yohey v. Yohey, 890 So.2d 160, 164 (Ala.Civ. App.2004).’
“Stone v. Stone, 26 So.3d 1232, 1236 (Ala.Civ.App.2009).”
Rieger v. Rieger, 147 So.3d 421, 428-29 (Ala.Civ.App.2013).
This court explained in Shewbart v. Shewbart, 64 So.3d 1080, 1087-88 (Ala.Civ. App.2010), that
“[a] petitioning spouse proves a need for periodic alimony by showing that without such financial support he or she will be unable to maintain the parties’ former marital lifestyle. See Pickett v. Pickett, 723 So.2d 71, 74 (Ala.Civ.App. 1998) (Thompson, J., with one judge concurring and two judges concurring in the result). As a necessary condition to an award of periodic alimony, a petitioning spouse should first establish the standard and mode of living of the parties during the marriage and the nature of the financial costs to the parties of maintaining that station in life. See, e.g., Miller v. Miller, 695 So.2d 1192, 1194 (Ala.Civ.App.1997); and Austin v. Austin, 678 So.2d 1129, 1131 (Ala.Civ. App.1996).”
We recognize that it was undisputed that the wife was unemployed and had little to no means of supporting herself at the time of the trial. However, a review of the record indicates that wife presented no evidence at the, trial tending to demonstrate the parties' standard of living during the marriage. We note that this court determined in Marshall v. Marshall, 168 So.3d 52, 58 (Ala.Civ.App.2014)(overruling in part Long v. Long, 109 So.3d 633 (Ala. Civ.App.2012)), that a spouse seeking periodic alimony must prove only, the costs associated with the specific aspect of the marital standard of living for which alimony is sought—for instance, housing costs. However, other than a general assertion that she required $1,200 to $1,300 per month for rent, utilities, and an automobile, the wife in the present case presented no evidence of her monthly expenses.
Even if we were to conclude that the wife’s general assertion of her expenses adequately complied with her evidentiary burden, this court further explained in Shewbart that,
“[o]nce the financial need of the petitioning spouse is established, the trial court should consider the ability of the responding spouse to meet that need. See Herboso v. Herboso, 881 So.2d 454, 458 (Ala.Civ.App.2003). The ability to *689 pay may be proven by showing that the responding spouse has a sufficient separate estate, following the division of the marital property, see § 30-2-51(a), Ala. Code 1975, and/or sufficient earning capacity to consistently provide the petitioning spouse with the necessary funds to enable him or her to maintain the parties’ former marital standard of living, Herboso, supra. In considering the responding spouse’s ability to pay, the trial court should take into account all the financial obligations of the responding spouse, including those obligations created by the divorce judgment. See O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996).”
64 So.3d at 1088. The husband testified that he made monthly payments toward the HELOC balance and that the truck was “paid off’; the wife, however, presented no other evidence demonstrating the husband’s monthly expenses.
In addition, the husband testified that his monthly military-retirement-benefit disbursement included veteran’s disability benefits. As our supreme court explained in Ex parte Billeck, 777 So.2d 105 (Ala. 2000), veteran’s disability benefits received in lieu of military-retirement benefits may not be considered as income of the obligor in determining an award of alimony. Thus, the amount of the veteran’s disability benefits must be excluded from the husband’s income for purposes of calculating an alimony obligation to the wife. The husband testified that he did not know how much of his monthly disbursement was veteran’s disability benefits versus military-retirement benefits, and the wife, who bore the burden of proof, failed to present evidence of that amount to the trial court. With no evidence of the husband’s monthly expenses or of his actual monthly income, the trial court could have reasonably concluded that the husband did not have the ability to pay the wife more than $250 per month.
Although we are not unsympathetic to the wife’s financial situation, she failed to meet her burden of proof at the trial. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
PITTMAN, MOORE, and DONALDSON, JJ.,. concur.
THOMPSON, P.J., dissents, with writing.

. The record indicates that the wife may have first appeared before the trial court pro se before retaining an attorney who filed a formal answer and a counterclaim. ■