YATES, Judge.
This court’s original opinion, dated July 9, 1993, is withdrawn, and the following is substituted therefor:
In September 1990, the Juvenile Court of Etowah County awarded temporary custody of H.L. to her paternal uncle and aunt, J.L. and F.L. (paternals). The next day, H.L.’s natural mother, M.L. (mother), petitioned the trial court for custody of H.L. or, alternatively, for liberal visitation. According to the record, the mother was awaiting trial for the murder of her husband, H.L.’s father. The trial court then entered an order which adopted an agreement between the paternals and the mother, and placed temporary custody of H.L. with the paternals, with the mother receiving scheduled visitation. Subsequently, the trial court entered another order which reaffirmed the paternals’ temporary custody of H.L. and extended visitation to the mother’s family.
In March 1992, H.L.’s maternal aunt and uncle, J.P. and E.P. (maternals), petitioned the trial court for custody of H.L., asserting that it would be in H.L.’s best interests to allow her to be in an environment which encouraged a continuing relationship with her mother. In August 1992, the trial court ordered that the temporary custody of H.L. be transferred from the paternals to the maternals. The paternals’ post-judgment motions were denied by operation of law, and they appealed. We note that the mother is not a party to this appeal.
On appeal, the paternals contend that the maternals did not meet the burden of proof necessary for a change of custody. Consequently, the paternals argue that the trial court committed reversible error in transferring H.L.’s custody from them to the mater-nals.
Since this case involves a custody dispute between two sets of non-parents, we will apply the “best interest” standard of review. H.T. and G.T. v. C.T.W. and R.J.W., 569 So.2d 418 (Ala.Civ.App.1990). “It is the responsibility of this court ‘to examine the decision of the trial court in light of the testimony and its reasonable inferences and determine if that decision satisfies the concern of the best interest and welfare of the child.’” H.T. and G.T., supra, at 421. Furthermore, “[t]his court must set aside a judgment that is so unsupported by the evidence that it clearly fails to sustain the present and future best interest and welfare of the child.” Id.
The record on appeal contained a study of the paternals’ home, which had been prepared by the Etowah County Department of Human Resources (Etowah County DHR). The home study was ordered by the trial court following the maternals’ petition for custody. Also ordered by the trial court, and contained in the record, was a study of the maternals’ home prepared by the Cherokee County Department of Human Resources (Cherokee County DHR). Both home studies were very favorable to the respective parties.
Concerning the paternals, the Etowah County DHR reported that they have been married happily for 32 years and that they have one son. Local police agencies reported no criminal records on the paternals and, in fact, provided written recommendations for them. The home study continued by stating that the paternals’ total income was $5,000 per month, with the paternal uncle being employed by Goodyear since 1979. When the mother was incarcerated for the alleged murder of her husband, the paternals took in H.L. and her three half-sisters, all four of whom had been living with the mother and father. Following the mother’s incarceration, and until the change in custody from the paternals to the maternals, H.L. lived continuously with the paternals.
The home study reported that the pater-nals’ home consisted of five bedrooms, five baths, a large kitchen, a formal dining room and living room, and a large great room attached to the garage. For the purpose of providing more room for H.L. and her half-sisters, the paternals substantially enlarged their house. All references contacted by the Etowah County DHR gave excellent recommendations for the paternals. Also, the oth *276 er children living in the paternals’ home stated that they desired for H.L. to remain there. According to the home study, H.L. stated that, if she cannot be with her mother, she would like to remain with the paternals. In fact, H.L.’s deposition testimony indicated that she preferred living with the paternals as opposed to the maternals. Finally, the Etowah County DHR recommended that the paternals retain custody of H.L.. H.L.’s father, in his “Last Will and Testament,” appointed the paternal uncle, his brother, as guardian of any of the father’s minor children, including H.L., who survived him.
Concerning the maternals, the Cherokee County DHR provided a very positive report, similar to the recommendation given to the paternals by the Etowah County DHR. Without detailing the home study, it concluded by stating the following: “[The maternal aunt and uncle] seem very committed to [H.L.]. I believe they will provide a very loving, secure home life for her if she is placed in their home. Therefore, the [maternal] home is approved for placement of [H.L.].”
Also included in the record were the depositions of the paternals, the maternals, H.L., and H.L.’s maternal grandmother. These depositions merely substantiated the information contained in the home studies; i.e., that both the paternals and the maternals were willing and capable of caring and providing for H.L. In fact, the parties, for the most part, were complimentary of each other.
Based on the facts of this case, we hold that the trial court’s decision to transfer custody of H.L. from the paternals to the maternals did not “‘satisffy] the concern of the best interest and welfare of [H.L.].’ ” Id. We also hold that such decision “is so unsupported by the evidence that it clearly fails to sustain the present and future best interest and welfare of [H.L.].” Id. Accordingly, the trial court’s judgment is reversed and the cause remanded for the trial court to enter an order consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in result.