INGRAM, Justice.
We granted certiorari review to examine the standard of review the Court of Civil Appeals applied in this child custody case. After reviewing the record, we hold that the Court of Civil Appeals correctly reversed the judgment of the trial court; however, it erred in applying the best interest standard.
For the facts leading up to the custody dispute surrounding the minor child in this case, see the opinion of the Court of Civil Appeals. J.L. v. J.P., 641 So.2d 274 (Ala.Civ.App.1993).
In September 1990, the trial court awarded pendente lite custody of the minor child to the paternal aunt and uncle and set a hearing for October 5, 1990, to determine custody of the child. On October 4,1990, the trial court adopted an agreement between the paternal aunt and uncle and the child’s mother and awarded temporary custody of the child to the paternal aunt and uncle. The trial court also addressed specific visitation rights of the mother. On October 23, 1990, the trial court again addressed the visitation rights of the mother and reaffirmed its prior holding granting temporary custody to the paternal aunt and uncle.
Almost two years later, in March 1992, a maternal aunt and uncle of the child petitioned the trial court for custody of the child. On August 26, 1992, the trial court, without stating any reasons, modified its prior custody orders and transferred the custody of the child to the maternal aunt and uncle. However, on rehearing, the trial court issued an order detailing its reasons for changing custody. That order in part is as follows:
“When the tragedy occurred [the death of the minor child’s father], and in the ensuing trauma and confusion, the [paternal aunt and uncle were] given temporary care and custody of the child in a near summary proceeding, with apparent assent of the extended families of both the mother and deceased father. [October 1990 order] ...
[[Image here]]
“Custody of the child remained with the paternal [aunt and uncle] through a full hearing on the case on July 24, 1992....
“The Court [in the present custody modification case] gave lengthy and in-depth consideration to the evidence and the life of this young [child]. It considered not just the present but the years down the road and the day-to-day home.... Both families [the paternal aunt and uncle and the maternal aunt and uncle] appeared to be suitable homes for the child. Both were approved by the agencies of the Department of Human Resources for custody of the child. The Court concluded that it would definitely be in the best interest of the child to be in the custody of the maternal aunt [and uncle] in another county and *278 away from the community in which this regretful tragedy occurred.”
(Emphasis added.)
On appeal, the Court of Civil Appeals applied the “best interest standard” as discussed in H.T. v. C.T.W., 569 So.2d 418 (Ala.Civ.App.1990), and reversed the judgment of the trial court, holding that it had abused its discretion in awarding custody to the maternal aunt and uncle. However, in reviewing H.T. v. C.T.W., we find a crucial distinction between that case and this one. In H.T., Judge Robertson, writing for the court, clearly stated that that case involved an initial custody dispute between two nonparents, and he correctly applied the best interest standard of review. However, such is not the fact situation here. Although we are dealing with nonparents, this is not an appeal from an initial custody order. Rather, it is an appeal from a modification of custody, and the best interest standard is not applicable.
In dealing with custody cases, it is of paramount importance for a court to determine the kind of order it is entering or the kind of proceeding it is conducting; for example, it matters whether the court is entering a temporary order in contrast to a pendente lite order and whether it is conducting an initial/original proceeding as opposed to a modification proceeding. We recognize that the language used by the courts can be confusing, especially the language speaking of a temporary award of custody as a final order, as opposed to a pendente lite order, which is not a final order. However, we must keep in mind that, by its very nature, custody is always temporary and never permanent. Although the temporary custody of a child may have been placed with someone, the court always retains jurisdiction to modify custody under the appropriate circumstances. This is to say that temporary custody is actually permanent custody subject to change. There must be a sense of finality to child placement, but that placement is always subject to change by the court when the facts and law before the court indicate that a change is required.
Semantically, this entire matter would be simpler if all courts declined to use the phrase “temporary custody” and simply used “pendente lite” or “custody” as the circumstances require.
Pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987). In custody situations, a pendente lite order clearly envisions continuing custody pending a later final determination of that custody dispute, whereas “custody awards” are final and are generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify its custody award. Sims, supra.
Likewise, the distinction between initial or original custody proceedings and modification proceedings is important because of the different standards of proof required. Generally, in initial or original custody proceedings, the best interest standard is applicable. See H.T. v. C.T.W., 569 So.2d 418 (involving two nonparents); cf. Ex parte Terry, 494 So.2d 628 (Ala.1986) (involving a nonparent and a parent). However, in a modification proceeding, the rule set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), is generally applicable. Under the McLendon rule, the appropriate standard is whether a change in custody would materially promote the welfare of the child. The reason for this stricter standard is the idea that uprooting children and moving them can be very traumatic. See McLendon; cf. Ex parte Couch, 521 So.2d 987 (Ala.1988) (concerning joint custody). As this Court has stated in custody cases, “ ‘[flrequent disruptions are to be condemned.’ ” McLendon, at 866, quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976).
We have reviewed the record here and find that the only pendente lite order of custody entered by the trial court was entered in September 1990. At that time the trial court placed custody of the child with the paternal aunt and uncle pending a hearing to determine custody. This was not a final order of custody. Pending an adjudication of custody, the paternal aunt and uncle and the mother entered into a written agreement that was adopted by the trial court in *279 October 1990. The trial court awarded the care, custody, and control of the child to the paternal aunt and uncle. This was a final order of custody. It was also the initial or original award of custody to the paternal aunt and uncle.
Therefore, the maternal aunt and uncle’s petition for custody filed almost two years later was a petition for modification of custody; it was governed by the McLendon rule. However, after reviewing the record, we hold that the maternal aunt and uncle failed to meet the heavy burden of proof required under McLendon in order to modify custody. In fact, the trial court specifically held that both the paternal aunt and uncle and the maternal aunt and uncle had suitable homes for the child.
For the reason stated above, the Court of Civil Appeals erred in applying the “best interest” standard; however, its judgment reversing the judgment of the trial court was correct and is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and COOK, JJ., concur.