YATES, Judge.
This is the second time that this case has been before us. On August 26, 1992, the juvenile court transferred custody of a minor child from J.L. and F.L., the paternal uncle and aunt (“paternals”), to J.P. and E.P., the maternal aunt and uncle (“maternals”). The paternals appealed that decision to this court. On October 8, 1993, this court reversed the judgment of the trial court. The maternals then sought certiorari review of our decision by the Alabama Supreme Court; the Supreme court affirmed on February 25, 1994. J.L. v. J.P., 641 So.2d 274 (Ala.Civ.App.1993), aff'd, 641 So.2d 276 (Ala.1994).
On April 28, 1994, the juvenile court entered an order restoring custody to the pa-ternals. On May 12, 1994, the maternals petitioned to modify custody. On that same day, the court denied the petition, stating:
“All facts, events and circumstances which occurred as a result of the Order of August 26, 1992, can not be used as a basis upon which to seek a modification under the current petition. The [maternals] allege in the current petition that ‘there has been such a substantial change in circumstances that awarding them custody would materially promote the welfare of the child,’ in that she has lived with them since August 26,1992, begun school ..., and established family and friendship relationships with them and with her teachers and schoolmates. The facts, circumstances and events from August 26,1992, through April 22,1994, which now purport to be the basis of a need for modification of custody, would not have occurred but for the erroneous Order of August 26, 1992.... A hearing on the current petition is not necessary. The petitioners could only present facts or circumstances from August 26, 1992, to April 22, 1994, which were erroneously created by the ... Order of August 26, 1992.”
(Emphasis in original.) The maternals appeal, contending that the trial court abused its discretion in refusing to allow them a hearing to present evidence to prove a material change in circumstances.
In its February 1994 order, the Supreme Court stated, “[T]he [maternals] failed to meet the heavy burden of proof required under Ex parte McLendon [455 So.2d 863 (Ala.1984) ] in order to modify custody. In fact, the trial court specifically held that both the [paternals] and the [maternals] had suitable homes for the child.” Ex parte J.P., supra, at 279. Although the maternals now claim that there has been a substantial change in circumstances and that awarding them custody would materially promote the welfare of the child, we agree with the trial court that the facts and circumstances upon which they base their petition would not have occurred but for the erroneous order.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.