CRAWLEY, Judge.
Helen Snodgrass (“the maternal grandmother”) and Monroe Snodgrass (“the maternal grandfather”) intervened in the divorce action involving their daughter, Della Lindsey Buckley (“the mother”), and Tracey Leigh Lindsey. The maternal grandparents were awarded “temporary” custody of their two grandchildren in the divorce judgment, which was entered in 1997. The mother sought at least one modification of the original judgment awarding the maternal grandparents custody; that requested modification, according to the trial court’s judgment in the present action, was denied on January 31, 2002.
*345 In June 2002, the mother again sought a modification of the judgment awarding the maternal grandparents custody. In August 2002, the maternal grandfather died. The maternal grandmother then moved with the children to South Carolina. The mother filed what she labeled as a modification petition in April 2003; that petition was apparently treated as an amendment to the pending petition, because it was assigned the same case number — DR-95-503010.03. The trial court held a trial in June 2003, after which it entered a judgment awarding custody of the children to the mother. In that judgment, the trial court specifically found that the maternal grandparents had been awarded only pen-dente lite custody in the 1997 judgment and that the presumption that the mother should be awarded custody of her children had not been overcome. See, generally, Ex parte Terry, 494 So.2d. 628, 632 (Ala.1986) (stating the natural presumption, in favor of parents to the custody of their children).
The maternal grandmother filed a postjudgment motion, arguing that the trial court had improperly determined that the 1997 award of custody to the maternal grandparents was a pendente lite award that failed to remove from the mother the presumption that she should have custody. The maternal grandmother argued that the mother, having lost custody by virtue of the 1997 judgment, was required to meet the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984). The trial court amended its judgment in response to the maternal grandmother’s postjudgment motion. The amended judgment removed all references indicating that the 1997 award of custody to the maternal grandparents was a pendente lite award; however, the amended judgment still awarded the mother custody of the children. In pertinent part, the judgment reads:
“The Court finds that there has been a material change in circumstances. This is evidenced by the [mother] having remarried and established a homeplace in Mobile County, Alabama. She now has the ability, financially and residentially, to provide a fit and proper homeplace for the minor children of the parties. The maternal grandfather ... is now deceased. The maternal grandmother ... has permanently -moved to Iva, South Carolina. She has no relatives there and limited income. The relationship between the minor children and their mother has been weakened by the actions of the maternal grandmother. The- Court further finds that it is now in the best interest of the minor children that custody be placed with the [mother]
[[Image here]]
(Emphasis added.) The maternal grandmother appeals, arguing, among other things, that the trial court applied the incorrect standard to the mother’s modification petition.
We note that the use of the term “temporary custody” by the trial court in the 1997 judgment created some confusion in this case. As was explained by our supreme court:
“In dealing with custody cases, it is of paramount importance for a court to determine the kind of order it is entering or the kind of proceeding it is conducting; for example, it matters whether the court is entering a temporary order in contrast to a pendente lite order and whether it is conducting an initial/original proceeding as opposed to a modification proceeding. We recognize that the language used by the courts can be confusing, especially the language speaking of a temporary award of custody as a final order, as opposed to a *346 pendente lite order, which is not a final order. However, we must keep in mind that, by its very nature, custody is always temporary and never permanent. Although the temporary custody of a child may have been placed with someone, the court always retains jurisdiction to modify custody under the appropriate circumstances. This is to say that temporary custody is actually permanent custody subject to change. There must be a sense of finality to child placement, but that placement is always subject to change by the court when the facts and law before the court indicate that a change is required.
“Semantically, this entire matter would be simpler if all courts declined to use the phrase ‘temporary custody’ and simply used ‘pendente lite’ or ‘custody’ as the circumstances require.
“Pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987). In custody situations, a pendente lite order clearly envisions continuing custody pending a later final determination of that custody dispute, whereas ‘custody awards’ are final and are generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify its custody award. Sims, supra.”
Ex parte J.P., 641 So.2d 276, 278 (Ala.1994).
The trial court, upon reconsideration of the issue on the maternal grandmother’s postjudgment motion, determined, correctly, that the 1997 judgment was not a pen-dente lite custody award but was instead an award of custody to the maternal grandparents. Because the prior award was not a pendente lite award, the custody award to the maternal grandparents was a final award of custody until such time as the trial court modified the order at the request of a party. Ex parte J.P., 641 So.2d at 278. Therefore, the 1997 award of custody to the maternal grandparents was a prior custody judgment in favor of nonparent, thus removing from the mother her presumptive right to custody. See Ex parte McLendon, 455 So.2d at 865 (stating that the parental presumption does not apply after there has been a judgment awarding custody to a nonparent). When the mother sought a modification of custody, she was required to meet the standard set out in Ex parte McLendon.
The Ex parte McLendon standard requires that a trial court deciding whether custody should be modified must determine that the best interest of the children will be materially promoted by a change in custody and that the inherently disruptive effect of the change of custody is outweighed by the benefits of the change. Ex parte S.T.S., 806 So.2d 336, 342 (Ala.2001) (describing the Ex parte McLendon standard). The trial court’s judgment does not indicate that it applied the Ex parte McLendon standard. Instead, the trial court’s judgment states that it determined that a modification of custody to the mother was warranted because it is now in the best interest of the children for the mother to have custody. Accordingly, we reverse the trial court’s judgment awarding custody to the mother and remand the cause to the trial court for it to apply the Ex parte McLendon standard to the facts of this case.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
MURDOCK, J., concurs in the result, without writing.
THOMPSON, J., dissents, with writing, which YATES, P.J., joins.