I agree with the principles stated in Judge Murdock's dissenting opinion; however, I write separately to note my concern regarding the trial court's judgment. Although the trial court's "temporary custody" order appears in one part to indicate that the award of custody to the father was a temporary arrangement pending either the relocation of the mother to the United States or the arrival of the July 1, 2004, date specified in the order, the second sentence of paragraph 2 of the order as quoted in the majority opinion continues "temporary custody" in the father until one of the parties moves for an order of "permanent custody." The trial court's custody award is not a pendente lite custody award — i.e., one made pending a review hearing or a further hearing on the matter that was before the court at the time of the judgment; instead, it appears that the trial court's October 23, 2003, order settles the custody issue either until the mother relocates to the United States or until July 1, 2004, whichever occurs first, or until a party — either the mother or the father — files a motion at a later date for "permanent custody." In other words, the custody award is ambiguous.
Our supreme court has clearly indicated that the use of the terms "temporary" and "permanent" in regard to custody orders does nothing but engender confusion. Ex parte J.P.,641 So.2d 276, 278 (Ala. 1994). The trial court's order in the present case is a fine example of the confusion engendered by the improper use of those terms.
Because the trial court's order is ambiguous, I believe that the proper course in the present case would be to remand the cause to the trial court with instructions that it properly label its custody award without the use of the words "temporary" and "permanent." In addition, upon remand, the trial court can also amend paragraph 2 to clearly indicate whether it intended that custody revert to the mother if and when she relocated to the United *Page 362 
States or on July 1, 2004, or if it intended that the father would have custody until one of the parties filed a modification petition. Quite simply, the judgment cannot mean both things.