BRYAN, Judge.
A.J. (“the mother”) petitions this court for a writ of mandamus ordering the Cull-man Circuit Court (“the trial court”) to vacate a pendente lite custody order. We deny the petition.

Procedural History

On July 20, 2011, J.C. (“the father”) filed a petition seeking to adjudicate his paternity of B.L.C. (“the child”), a child born in July 2010. In his petition, the father also requested an award of “primary” custody of the child. The mother filed an answer and a counterclaim for an adjudication of paternity of the child and an award of “full” custody of the child.
After a hearing on March 29, 2012, the trial court, on April 5, 2012, entered a “temporary order”[1] pursuant to an agreement of the parties (“the April 5 order”) that awarded the father, among other things, unsupervised visitation with the child from 4:00 p.m. on Tuesday April 10, 2012, until 1:00 p.m. on Wednesday April 11, 2012. In the April 5 order, the trial court also awarded the father the same Tuesday night visitation on April 17, 2012, and set the case for trial on April 25, 2012.[2] The father was ordered to pay the mother $861 a month in child support.[3]
On May 10, 2012, the father filed an unverified “Motion for Immediate Relief,” requesting an order awarding him temporary custody of the child and awarding the mother visitation with the child. The father alleged that he had picked up the child for visitation on May 1, 2012, and that the child “was covered with scratches and bruises, and she was filthy from head to toe.” The father further alleged that he had discovered bite marks on the child’s back and that the mother had a *1043 history of biting her children. The father stated that he feared for the safety and physical well-being of the child and that the mother was unable to provide a healthy and safe environment for the child. The father attached to his motion several undated photographs of the child that allegedly supported his allegations. The father’s motion contained a certificate of service indicating that the pleading had been served on the mother. However, on the same day, May 10, 2012, the trial court entered an ex parte order granting the father temporary legal and physical custody of the child (“the May 10 ex parte order”). The trial court awarded the mother supervised visitation with the child on Mondays, Wednesdays, and Fridays for two hours each day. The trial court also suspended the father’s child-support obligation pending further orders of the court.
On May 17, 2012, the mother filed a motion to vacate the May 10 ex parte order. The mother argued that the trial court’s order violated her due-process rights because the child was removed from her custody without giving her notice and an opportunity to be heard. She also argued that the May 10 ex parte order was erroneously entered because the father’s allegations were unverified, there were no supporting affidavits filed with the father’s motion, the photographs attached to the motion were unauthenticated, and there was no allegation that the child was subject to immediate and irreparable injury. In support of her motion to vacate the May 10 ex parte order, the mother attached seven affidavits from herself and various family members that disputed the allegations in the father’s motion for immediate relief, alleged that the child was unsafe in the father’s custody, and set forth the mother’s ability to care for the child. On May 18, 2012, the father filed a “verified answer” disputing the allegations in the mother’s motion to vacate, and he attached affidavits from himself, his current wife, and his mother that supported the allegations in his motion for immediate relief, set forth his ability to care for the child, and alleged that the mother was not capable of caring for the child.
The State Judicial Information System indicates that, on May 21, 2012, the trial court scheduled a hearing to be conducted on May 31, 2012, on the mother’s motion to vacate the May 10 ex parte order and that notice of the hearing was “sent to all.” The materials attached to the mother’s petition for a writ of mandamus indicate that the trial court conducted a hearing on May 31, 2012, but the mother did not attach a transcript of that hearing to her petition. The trial court entered an order on June 1, 2012 (“the June 1 order”), vacating the May 10 ex parte order. The trial court noted in its June 1 order that the father had not yet been adjudicated the father of the child despite the fact that genetic testing revealed that he was the father of the child. Thus, the trial court specifically adjudicated the father as the father of the child. The trial court then awarded the mother and the father “week to week visitation” with the child and stated that the father’s child-support obligation was still suspended. The trial court set the “determination of custody” for a hearing on June 19, 2012. The mother filed this petition for a writ of mandamus on June 14, 2012.

Issues and Relief Requested

In her petition, the mother argues that the trial court’s May 10 ex parte order and its June 1 order are due to be vacated because she was denied due process of law. The mother seeks an order from this court *1044 vacating the May 10 ex parte order and the June 1 order so that the custody and child-support provisions in the April 5 order will be reinstated.-

Discussion

“ ‘A writ of mandamus is an extraordinary remedy, and it “will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’ ”
Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala.2000) (quoting in turn Ex parte United Sen. Stations, Inc., 628 So.2d 501, 503 (Ala.1993))).
Initially, we note that the mother’s petition for a writ of mandamus insofar as it challenges the propriety of the May 10 ex parte order is not reviewable by this court because the May 10 ex parte order has already been vacated by the trial court. Thus, the May 10 ex parte order is a nullity, and there is nothing for this court to review.[4]
Accordingly, we will consider only the arguments presented by the mother regarding the propriety of the June 1 order. The mother argues that the trial court violated her due-process rights by modifying the April 5 order without receiving any evidence to support the June 1 order.[5] In support of her argument, the mother cites this court’s decision in Ex parte Russell, 911 So.2d 719, 724-25 (Ala.Civ.App.2005). In that case, the mother was awarded sole physical custody of the children in the parties’ divorce judgment and the father subsequently filed a petition to modify custody and a motion to set an expedited pendente lite custody hearing. Id. at 720. The trial court conducted a pendente lite hearing and awarded the father pendente lite custody of the children when the mother failed to appear at the hearing. Id. at 720-21. When the trial court was later informed that the mother had not been served with notice of the scheduled pendente lite hearing, the trial court made a notation on the case-action summary that the pendente lite order was entered ex parte. Id. at 721. The mother filed a motion to “reconsider,” and the trial court scheduled another hearing at which only the arguments of counsel were pre *1045 sented to the trial court. Id. At that hearing, the mother’s counsel stated: “ ‘Why I stand here today is simply to try to get the ex parte order reversed and set aside and get a hearing date set so that we can address these issues and give my client due process.’ ” Id. After the hearing, the trial court entered a second pendente lite order, keeping the “status quo,” with the father maintaining pendente lite custody of the children. Id. at 722. The mother filed a petition for a writ of mandamus, and we held that the ex parte pendente lite order violated the mother’s due-process rights because the mother had not been given notice or an opportunity to be heard and because there was no evidence indicating that the health and physical well-being of the children were endangered on the date the ex parte pendente lite order was entered. Id. at 724.
We then considered whether the second pendente lite order violated the mother’s due-process rights “because it was entered in the absence of any supporting evidence.” Id. Thus, this court considered “whether, in a postdivorce proceeding in a circuit court brought by a parent to modify custody, evidence must be presented to justify a pendente lite custody order.” Id. at 724-25. We concluded “that due process required that, before the trial court awarded the father pendente lite custody, the father introduce evidence establishing that an award of pendente lite custody to him was in the best interest of the child.” Id. at 725. Although the parties’ attorneys had presented arguments to the court at the second pendente lite hearing, we noted that “[t]he unsworn statements, factual assertions, and arguments of counsel are not evidence.” Id. (citing Singley v. Bentley, 782 So.2d 799, 803 (Ala.Civ.App.2000)). We therefore granted the mother’s petition for a writ of mandamus and ordered the trial court to vacate the second pen-dente lite order because the second pen-dente lite order was unsupported by any evidence and, thus, violated the mother’s due-process rights. Id.
The mother in this case asks this court to order the trial court to vacate the June 1 order, which essentially awarded the parties pendente lite joint physical custody of the child, because, she asserts, like in Ex parte Russell, there was no evidence presented to support the pendente lite custody award. However, we find the facts of this case materially distinguishable from the facts in Ex parte Russell. First, although the mother contends that the trial court considered only the arguments of counsel at the May 31 hearing, the mother did not include a transcript of that hearing in the materials attached to her petition for a writ of mandamus, so we have no way of knowing what transpired during that hearing. See Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1228 (Ala.2009) (“When [an appellate cjourt considers a petition for a writ of mandamus, the only materials before it are the petition and the answer and any attachments to those documents.”). Furthermore, unlike the facts in Ex parte Russell, the materials attached to the mother’s petition fail to demonstrate that the mother requested an evidentiary hearing on the father’s pending request for relief before the trial court entered its June 1 order. Thus, to issue a writ of mandamus directing the trial court to vacate the June 1 order because it failed to first conduct an eviden-tiary hearing leaves open the possibility that this court would hold the trial court in error for failing to grant relief to the mother that was never requested by the mother. Finally, we are unable to conclude, as we did in Ex parte Russell, that the father’s pending petition for pendente lite custody of the child was not supported by any evidence. Even if we assume that no evidence was presented at the May 31 *1046 hearing, the trial court had before it 10 affidavits from the mother, the father, and their family members concerning each party’s ability to care for the child. The mother does not contend that the sworn statements in the affidavits do not support the trial court’s determination that the best interests of the child would be served by awarding the mother and the father pendente lite joint physical custody of the child.
The mother contends that, once the May 10 ex parte order was vacated, the trial court should have reinstated the April 5 order. However, even after the trial court determined that the May 10 ex parte order was due to be vacated, the father’s motion for pendente lite custody of the child was still pending. Considering that the trial court had some evidence before it and that there is no indication that the mother requested the opportunity to present additional evidence before the trial court ruled on the father’s motion, we cannot conclude that the mother has demonstrated a clear legal right to the relief sought in her petition. See Ex parte Monsanto Co., 862 So.2d at 604. Accordingly, we deny the petition.
The mother’s request for an attorney fee on appeal is denied.
PETITION DENIED.
PITTMAN, J., concurs.
THOMPSON, P.J., concurs specially.
MOORE, J., concurs in the result, without writing.
THOMAS, J., recuses herself.

.There is a distinction recognized in Alabama law between “pendente lite” custody orders, which "are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation," and a "temporary” custody order, which actually awards "permanent custody subject to change.” Ex parte J.P., 641 So.2d 276, 278 (Ala.1994). Although the order entered on April 5, 2012, was designated by the trial court as a “temporary order,” the order set the case for trial on April 25, 2012. Accordingly, we conclude that the April 5, 2012, order was actually a pendente lite order.

. It appears from the materials attached to the mother’s petition for a writ of mandamus that the trial scheduled for April 25, 2012, was continued.

. Although the April 5 order does not specifically award the mother pendente lite sole physical custody of the child, the terms of the order essentially make such an award: the father was awarded limited visitation with the child and was ordered to pay child support to the mother. Cf. T.B. v. C.D.L., 910 So.2d 794, 795 (Ala.Civ.App.2005) (holding that a child-support judgment in a paternity action constituted a custody award in favor of the recipient parent).

. Furthermore, the mother’s petition, for a writ of mandamus was not filed within a reasonable time of the entry of the May 10 ex parte order. See Ex parte A.E.Q., 102 So.3d 388, 390 (Ala.Civ.App.2012) (dismissing a petition for a writ of mandamus taken from an order entered in a paternity action for lack of jurisdiction when the petition was not filed within 14 days of the entry of the order under review).

. The mother argues that the father was required to meet the custody-modification burden set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), in order to modify the custody provisions of the April 5 order. We disagree. The April 5 order, like the June 1 order, was a pendente lite order, not a final determination of custody. "[Wjhether to grant a pendente lite order is in the trial court’s discretion,” P.B. v. P.C., 946 So.2d 896, 898 (Ala.Civ.App.2006), and a trial court’s pendente lite custody determination is based on the best interests of the child. See Ex parte Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005) (concluding that the parent requesting pendente lite custody of the child must present evidence establishing that such an award is in the best interest of the child). We also note, for the benefit of the parties, that the entry of a pendente lite order does not affect the applicable burden of proof regarding the underlying petitions for custody. See Sims v. Sims, 515 So.2d 1, 3 (Ala.Civ.App.1987) (holding that a pendente lite custody award, in itself, does not "activate” the burden of proof set forth in Ex parte McLendon, supra).