PITTMAN, Judge.
Caroline M. Siderius (“the mother”) has petitioned this court for a writ of mandamus to be issued to the Mobile Circuit Court directing that court (a) to vacate its order, entered in a divorce action brought against the mother by Kenneth V. Ford-ham (“the father”), awarding temporary custody of the parties’ two minor children to the father, and (b) to dismiss that portion of the father’s action seeking a custody determination. We deny the petition, which is the second mandamus petition filed by the mother in this matter. See Ex parte Siderius (No. 2110171, January 11, 2012), - So.3d - (Ala.Civ.App.2012) (table).
The attachments to the mother’s mandamus petitions and to the father’s responsive filings indicate that the parties’ prior ceremonial marriage, during which the parties’ children were born, was dissolved in 2002 by the Mobile Circuit Court;[1] *714 however, the parties have stipulated that they entered into a new marriage at common law in 2006 while residing in Mobile County. In 2009, the mother obtained employment that required her to live in Oregon, and she moved to Oregon to accept that employment; the mother subsequently moved to Washington, also for employment-related purposes, and has become a Washington resident. The residency of the father and of the parties’ minor children during that period, however, are issues that the parties adamantly dispute, although it appears undisputed that the father and the children also traveled to Oregon and then to Washington and that the children were enrolled in schools in those states.
On August 11, 2011, the father filed in the Mobile Circuit Court a complaint seeking a divorce from the mother and an award of custody of the minor children to him; he also filed an “emergency motion” seeking immediate custody of the minor children on the stated basis that the mother had frequently left the children alone or in the care of the father in order to travel with a paramour and attached as exhibits an affidavit of the parties’ minor daughter and a copy of a letter she had sent to the mother that, the father said, contained “a rather thorough rendition of the explanation of why the minor children feel a strong need to live with their father.” We note that neither the affidavit nor the letter were attached as exhibits to the parties’ mandamus filings. The Mobile Circuit Court entered an order on August 12, 2011, granting the father’s “emergency motion” and awarding him custody of the children pendente lite, with the mother having the right to a review hearing upon request.
On August 15, 2011, the mother filed a petition in the Superior Court for Spokane County, Washington (“the Washington court”), seeking dissolution of the parties’ marriage and an award of custody of the parties’ minor children to her; in that petition, she averred that the Washington court had jurisdiction to award custody to her because, she said, Washington was the “home state” of the children by virtue of their purportedly having “lived in Washington with a parent or a person acting as a parent for at least six consecutive months.” The Washington court entered on that day a show-cause order that, among other things, purported to direct that the children would reside with the mother during the pendency of proceedings in that court and instructed the father to “return children to Spokane, Washington immediately.” The mother also filed on that day, in the Mobile Circuit Court, a motion to dismiss the father’s divorce action pursuant to Rule 12(b)(2), Ala. R. Civ. P., which references lack of personal jurisdiction as a basis for dismissal; the mother also sought to enforce the Washington court’s show-cause order.
It appears that, because of the existence of parallel custody proceedings, an audio teleconference was held between the presiding judges of the Mobile Circuit Court and the Washington court on August 30, 2011; the next day, on August 31, 2011, the mother filed a motion to dismiss in the Mobile Circuit Court, alleging lack of subject-matter jurisdiction and asserting various matters tending, in the mother’s view, to support the exclusive jurisdiction of the Washington court as to the children. On October 7, 2011, the Mobile Circuit Court, after having held hearings on September 80, 2011, and October 4, 2011, at which testimony was offered in open court, denied the mother’s “motion to dismiss” without specifying whether its denial encompassed only the motion challenging personal jurisdiction, only the motion challenging subject-matter jurisdiction, or both motions; however, the references in the *715 October 7, 2011, order to the mother’s “sufficient minimum contacts with” Alabama indicates that the issue of personal jurisdiction was the sole matter decided. The mother petitioned this court for a writ of mandamus seeking dismissal of the father’s complaint in the Mobile Circuit Court and vacation of that court’s August 12, 2011, and October 7, 2011, orders; that petition was denied by this court. Ex parte Siderius (No. 2110171, January 11, 2012), — So.3d - (Ala.Civ.App.2012) (table).
On February 10, 2012, at the behest of the mother, the Washington court issued an order in which that court determined that the minor children had resided in Washington for 17 months before the father had filed his divorce complaint in the Mobile Circuit Court in August 2011 and that the Washington court was the “proper court” to determine the custody of the children; that order noted that the parties’ minor daughter had returned to the mother’s care in Washington, while the parties’ minor son remained in Alabama in the care of the father. The mother then sought to register the Washington court’s February 10, 2012, order with the Mobile Circuit Court for enforcement purposes and requested that that court’s August 12, 2011, custody order be vacated. The father resisted enforcement of the Washington court’s order, averring that he had never abandoned his Alabama residency and that the Mobile Circuit Court’s exercise of jurisdiction over the children was consistent with federal law. The Mobile Circuit Court held a hearing on the issue whether the Washington court’s order was due to be enforced; it appears that no testimony was offered at that hearing to supplement counsel’s arguments. On July 12, 2012, the Mobile Circuit Court entered an order denying enforcement of the Washington court's February 10, 2012, order and declining to vacate its August 12, 2011, custody order. The mother’s current petition seeks review of that July 12, 2012, order.
As we recently noted in Ex parte A.J., 108 So.3d 1040 (Ala.Civ.App.2012), mandamus is an extraordinary remedy that is to be issued only upon a showing of (1) a clear legal right on the part of the petitioner to the order that the petitioner seeks; (2) the existence of both an imperative duty upon the respondent to perform and a refusal to do so; (3) the absence of another adequate remedy; and (4) the proper invocation of the reviewing court’s jurisdiction. See 108 So.3d at 1046. There is no serious dispute that this court may properly consider a mandamus petition to review the propriety of an interlocutory order denying a challenge to a trial court’s jurisdiction to consider a domestic-relations action — an action as to which an appeal from any final judgment would necessarily fall within the appellate jurisdiction of this court. See Coleman v. Coleman, 864 So.2d 371, 373 (Ala.Civ.App.2003), and Ala.Code 1975, §§ 12-3-10 and 12-3-11. Thus, the salient issues presented by the mother’s petition are her right to relief and, if any, the duty of the Mobile Circuit Court to perform appropriate actions to effect that relief.
The mother contends that the Mobile Circuit Court’s July 12, 2012, order, and indeed all of its orders to date touching and concerning custody of the parties’ minor children, are void for lack of subject-matter jurisdiction. She has asserted, both in the Mobile Circuit Court and in this court, that Washington, not Alabama, is the “home state” of the children for purposes of determining jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”) as codified in Alabama (see Ala.Code 1975, § 30-3B-101 et seq.). Generally speaking, *716 and in the absence of a temporary emergency, the UCCJEA, in the states that have adopted it (such as Alabama and Washington), forbids the courts of an adopting state from making an initial child-custody determination unless (1) the forum state is the “home state” of the child or was the child’s “home state” during the preceding six months if a parent or a person acting as a parent continues to reside in that state; (2) the courts of the child’s “home state” decline jurisdiction; or (3) there exists a necessity that the forum state assert custody jurisdiction in the absence of any court that would otherwise have such jurisdiction. Ala.Code 1975, § 30-3B-201(a). In turn, a child’s “home state” under the UCCJEA is the state in which he or she has lived with a parent or a parental figure for at least six consecutive months before a custody proceeding is commenced, including temporary absences. Ala.Code 1975, § 30-3B-102(7).
The mother contends that, at the time that the father initiated the divorce action in the Mobile Circuit Court from which this petition arises, the parties’ minor children had lived in Oregon and Washington for a period of over two years and that Alabama was not the minor children’s “home state” for that reason. However, the mother has submitted no evidence that she might have relied upon in the Mobile Circuit Court as potentially supporting her position; she has, in both mandamus proceedings, filed copies only of her motions and briefs and the orders of the Washington court.[2] Notably, the affidavit of, and the letter authored by, the parties’ minor daughter, which documents were submitted by the father to the Mobile Circuit Court in support of his August 11, 2011, filings, have not been submitted to this court, nor do we have any transcript or statement of evidence adduced in the Mobile Circuit Court on September 30, 2011, and October 4, 2011, that might have persuaded that court to conclude that it, and not the Washington court, had “home state” jurisdiction notwithstanding the extended absences of the children and the father from Alabama.
As was the case in Ex parte A.J., 108 So.3d at 1046, “we have no way of knowing what transpired during” those evidentiary hearings so as to be able to properly conclude that the Mobile Circuit Court has acted outside its discretion in determining that it has jurisdiction; similarly, the mother’s filings in the Mobile Circuit Court, although relatively lengthy and presenting her position regarding the children’s residency with singular force, are not themselves evidence. See id. Because the Mobile Circuit Court had some evidence before it — evidence to which this court is not privy — and because there is no indication that the mother presented any evidentiary materials to the Mobile Circuit Court between the denial of her first mandamus petition and the entry of that court’s July 12, 2012, order, we cannot conclude that the mother has demonstrat *717 ed a clear legal right to the relief sought in her petition. Ex parte A.J., supra. The petition is, therefore, denied.
The mother’s and the father’s requests for attorney fees are denied.
PETITION DENIED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.

. We have taken judicial notice of the filing and materials in the mandamus proceeding previously filed by the mother. See Goetsch v. Goetsch, 990 So.2d 403, 411 n. 1 (Ala.Civ.App.2008).

. The order of the Washington court that the mother sought to register, although containing statements supportive of the mother's position regarding the residency of the parties’ minor children, appears to have been prepared by the mother’s Washington attorney and to have been the product of an ex parte proceeding rather than an adversarial process involving litigation of jurisdictional questions. We note that, under Alabama law, a defendant in a foreign civil action, such as the father here, is free to ignore judicial proceedings and to later challenge that judgment on jurisdictional grounds in a collateral proceeding, such as the mother's proceeding to register the foreign judgment in Alabama. See Lanier Worldwide, Inc. v. Crum, 976 So.2d 451, 453 (Ala.Civ.App.2007).