THOMAS, Judge,
dissenting.
I must respectfully dissent from the decision to affirm the custody award to S.C. (“the maternal grandmother”). As I stated in my original dissent to the opinion remanding this cause, see S.L.M. v. S.C., 171 So.3d 656, 663-64 (Ala.Civ.App.2012) (Thomas, J., dissenting) (footnote omitted):
“[The maternal grandmother] filed dependency petitions regarding the children. In her petitions, she alleged that the children were dependent due to the conduct of their mother, C.G. However, the children’s dependency resulting from the actions of their mother had been resolved by placing them in the custody of [S.L.M. and R.S.M. (‘the custodians’) ]. See S.P. v. E.T., 957 So.2d 1127, 1131 (Ala.Civ.App.2005) (indicating that ‘final dispositional orders coincide with the end of the child’s dependency, i.e., the child has a proper custodian “and ” is no longer “in need of care or supervision” by persons other than the custodian. See Ala.Code 1975, [former] § 12-15-l(10)n. In other words, under ideal circumstances, the final dispositional order results in a custody award wherein the parent or custodian is able and willing to have the care, custody, and control of the child, free from any intervention or supervision by the state under the dependency statutes.’). Thus, it was incumbent on the maternal grandmother to prove at trial that the children were presently dependent in order to receive custody of the children; that is, the maternal grandmother was required to prove that the children were dependent in the custody of the custodians before the juvenile court could award her custody of the children. See T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ.App.2009) (stating that a juvenile court may make a disposition of a child in a dependency proceeding only after finding the child dependent); see also V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne Cnty. Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ. App.2004) (Murdock, J., concurring in the result)) (‘ “[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that *670 disposition.” ’)• Furthermore, a child cannot be dependent if he or she has a fit and willing parent or a fit and willing legal custodian (or custodians); in such a situation, the child is not dependent and custody remains with the parent or the legal custodian. J.W. v. T.D., 58 So.3d 782, 792 (Ala.Civ.App.2010).”
Both Ex parte J.P., 641 So.2d 276, 278 (Ala.1994), and B.C. v. A.A., 143 So.3d 198 (Ala.Civ.App.2013), involved the modification of custody orders in resolved dependency actions by parties who had been involved in the original dependency and custody dispute. That is, neither Ex parte J.P. nor B.C. involved a stranger to the proceeding seeking custody for the first time. Although the juvenile court retains jurisdiction over a child who has been the subject of a dependency proceeding pursuant to Ala.Code 1975, § 12-15-117(c), the juvenile court cannot act without a proper petition, be it a dependency petition or a modification petition, before it. If a person who has not been a party to the proceeding wishes to alter a custody award entered in a final dependency judgment, that party must institute a new action; as I explained in my dissenting opinion on original submission, the only action a stranger to the dependency proceeding may institute is a dependency action. Thus, because I would reverse the judgment of the juvenile court, which expressly determined that the children were not dependent in the care of the custodians, L respectfully dissent from the main opinion.

On Application for Rehearing

DONALDSON, Judge.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., dissents, with writing, which THOMAS, J., joins.