THOMAS, Judge,
concurring in part and concurring in the result in part.
I agree that the Walker Juvenile Court (“the juvenile court”) was correct in treating this matter as a dependency case. I cannot agree with the main opinion insofar as it concludes that the juvenile court found that M.D.P. (“the child”) remained dependent as to his parents. After reviewing the record, it is my opinion that R.A.P. (“the great-uncle”) and R.J.P. (“the great-aunt”) provided the juvenile court with sufficient evidence demonstrating that the child’s legal custodian, K.F.P. (“the paternal grandmother”), was not able to perform her responsibilities to and for the child, see § 12-15-102(8)6., Ala.Code 1975, and that, accordingly, the juvenile court adjudicated the child dependent.
Because this is properly a dependency case, I respectfully disagree that this action is in the nature of a custody dispute and that, therefore, the Ex parte McLendon, 455 So.2d 863 (Ala.1984), standard for custody modification applies. The main *1041 opinion relies on our supreme court’s holding in Ex parte J.P., 641 So.2d 276, 278-79 (Ala.1994), that the McLendon standard is applicable in a custody dispute between nonparents. However, J.P. is factually distinguishable from the present case because the party seeking the modification of custody in J.P. did not allege that the child was dependent; consequently, there was no finding that the child in J.P. was dependent while in the care of the legal custodian. In the present case, the juvenile court found that the child was dependent while in the custody of the paternal grandmother. After an adjudication of dependency, the juvenile court may “[m]ake any ... order as [it] in its discretion shall deem to be for the welfare and best interests of the child.” § 12-15-314(a)(4), Ala.Code 1975.
I agree the best interests of the child are served by the juvenile court’s judgment awarding primary physical custody to the great-aunt and the great-úncle and joint legal custody to both the great-aunt and the great-uncle and the paternal grandmother. For these reasons, I concur that the custody aspect of the judgment should be affirmed. Additionally, I concur to reverse the judgment insofar as it fails to award the paternal grandmother visitation.