DONALDSON, Judge.
Charbel Paul Akl ("the husband") and Yareima Carmen Valecillos Akl ("the wife") are parties to a pending case in the Jefferson Circuit Court ("the trial court") involving the dissolution of their marriage and the custody of their child. The husband has petitioned this court for a writ of mandamus directing the trial court to vacate orders entered on July 6 and July 24, 2017. The husband asserts that the trial court entered the orders without supporting evidence and in violation of his due-process rights. This court called for answers to the petition but received none; thus, we must accept as true the averments in the husband's mandamus petition. See Ex parte Turner, 840 So.2d 132, 134-35 (Ala. 2002) (holding that when a respondent fails to challenge factual allegations contained in a petition for the writ of mandamus, the appellate court accepts as true the factual statements in the petition). Based on the materials before this court, and for the reasons discussed below, we deny the husband's petition.
According to the materials submitted by the husband with his petition, a hearing was held in the trial court on September 26 and 27, 2016. Afterward, a pendente lite order was entered in October 2016 by Judge Patricia Stephens granting the husband sole physical custody of the child and granting the wife visitation pending the final hearing. The trial court also ordered the wife to pay child support in the amount of $78.07 each month to the husband, which was a deviation from the child-support guidelines. According to the husband's petition, Judge Stephens thereafter recused herself from the action, and, after the other circuit judges within the Jefferson Circuit recused themselves, Judge Tim Riley was appointed to preside over the case.[1] On May 17, 2017, Judge Riley set the case for a hearing "on any pending motions and all pretrial matters on June 15, 2017." According to the husband, Judge Riley held a hearing on June 15, 2017, at which only the guardian ad litem for the child testified.
On July 6, 2017, Judge Riley entered an order. For purposes of this petition, the pertinent parts of the order provided:
"This case came on to be heard on all pending motions and testimony on June 15, 2017. Present were the [husband] with his attorney, Hon. Virginia Meigs, and [the wife] with her attorney, Hon. Mickey Johnson.
"The Court heard testimony from the child's Guardian Ad Litem, Hon. Jackie Morrette. The Court also took judicial knowledge of all the former pleadings, complaints, counterclaims, and sworn affidavits by the parties, prior orders by the Daily Master, Hon. Sara Senesac, Circuit Judge Patricia Stephens, and the *1086 transcript of sworn testimony taken before Hon. Patricia Stephens on September 26, 2016, and received by the Court after the trial along with all other affidavits and motions in the case.
"The case was assigned by the Chief Justice of the Alabama Supreme Court to the undersigned after all Jefferson County judges recused and judges of the surrounding counties recused.
"....
"Both parties have asked for a divorce and both parties show no indication by their actions, pleading or court history of any possible reconciliation after almost three years apart. The parties and child have lived over five years in Jefferson County, Alabama, where the separation took place. Both parties stated in open court that they desired a divorce on June 15, 2017.
"The parties do not have any jointly acquired real estate, but do rent separate residences or apartments. The husband works as an engineer with Harbert Co. and the [wife] has had part-time jobs.
"Both parties seek sole custody of the child to the exclusion of the other having limited visitation rights. ...
"ORDER
"1. The parties are forever divorced from each other based on irreconcilable differences and incompatibility of temperament, and irretrievable breakdown of marriage.
"2. The parties, neither [the husband] nor [the wife], shall marry, except to each other until sixty (60) days after the date of this order.
"3. Until further orders, both parties shall have temporary joint custody of the child ...."
Among other things, the July 6, 2017, order set out the parent's custodial schedule, appointed an "advocate" for the child, ordered the parents to enroll in a parenting program for divorced parents, ordered that issues involving support for the wife and the child would be continued on a temporary basis until a final order is entered, and ordered that all other issues would be addressed on a future date.
On July 12, 2017, the husband filed what he described as a motion to alter, amend, or vacate the trial court's order, in which he raised multiple issues. On July 24, 2017, the trial court entered another order, amending the July 6 order, that, among other things, ordered that the certificate of divorce be amended to state "incompatibility" instead of "adultery" as the ground for divorce and ordered the husband to pay to the wife "the sums previously ordered" for temporary alimony and child support.
On August 4, 2017, the husband filed a petition for a writ of mandamus in this court seeking to have the trial court's July 6 and July 24, 2017, orders vacated. The petition was filed within the presumptively reasonable time, as required by Rule 21(a)(3), Ala. R. App. P. See Norman v. Norman, 984 So.2d 427, 429 (Ala. Civ. App. 2007) ("The presumptively reasonable time within which to file a petition for a writ of mandamus is the time in which an appeal may be taken.").
We first note that the trial court's July 6 and July 24 orders appear to be interlocutory and not final because claims remain pending. See Sanders v. Sanders, 32 So.3d 597, 599 (Ala. Civ. App. 2009) (explaining that a divorce judgment that "did not fully adjudicate all the present controversies between the parties" was not a final judgment). See also Stocks v. Stocks, 25 So.3d 480, 482 (Ala. Civ. App. 2009) (explaining that a judgment divorcing the parties, but not disposing of the parties' property, was nonfinal); and *1087 Sims v. Sims, 38 So.3d 71 (Ala. Civ. App. 2009) (holding that a divorce judgment that did not divide the parties' personal property was not final and appealable).
Despite the use of the term "temporary" regarding the custody of the child, the July 6 order, which was amended by the July 24 order, contemplates the continuation of the litigation and the entry of a final judgment addressing the remaining issues after the completion of discovery and other proceedings, giving it the characteristics of an interlocutory pendente lite order. A pendente lite order "is effective only during the pendency of the litigation in an existing case and is usually replaced by the entry of a final judgment." T.J.H. v. S.N.F., 960 So.2d 669, 672 (Ala. Civ. App. 2006) (citing Hodge v. Steinwinder, 919 So.2d 1179, 1182 (Ala. Civ. App. 2005) ). Because the orders the husband challenges are interlocutory pendente lite orders, a petition for the writ of mandamus is the proper method for seeking appellate review of them. See P.B. v. P.C., 946 So.2d 896, 898-99 (Ala. Civ. App. 2006) ("The proper method of review of pendente lite orders is by a petition for the writ of mandamus.").
Despite the requirement that we accept the factual averments of the petition as true, see Ex parte Turner, supra, the husband bears the burden of establishing that a writ of mandamus should be issued. As this court has explained:
" 'Mandamus is an extraordinary remedy and will be granted only where there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). This Court will not issue the writ of mandamus where the petitioner has " 'full and adequate relief' " by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881) ).'
" Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003)."
Ex parte Boddie, 229 So.3d 255, 259 (Ala. Civ. App. 2017).
In his petition, the husband argues that the trial court's orders violated his due-process rights by granting a divorce, by granting the parties pendente lite joint custody, and by awarding pendente lite child support without an evidentiary hearing. Mandamus is an available remedy to vacate an interlocutory order that has been entered without affording a party due process. See Ex parte A.J., 108 So.3d 1040, 1045 (Ala. Civ. App. 2012) (involving a petition for the writ of mandamus seeking to have a pendente lite custody order vacated based on allegations of due-process violations).
The husband claims that the trial court entered the July 6 order without an evidentiary basis; however, the trial court explicitly stated in the July 6 order that testimony was taken on June 15, 2017, and that the trial court took judicial knowledge of all the parties' previously submitted sworn affidavits and the transcript of the hearing held on September 26, 2016. The husband has not provided this court with a transcript of any of those proceedings or the affidavits relied upon by the trial court, nor are we provided with proof that the proceedings were conducted in violation of the husband's due-process rights over the objection of the husband.
"[W]hen a trial court's judgment ' "is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported *1088 by the evidence. Mitchell v. Mitchell, 506 So.2d 1009 (Ala. Civ. App. 1987)." ' Leeth [v. Jim Walter Homes, Inc.], 789 So.2d [243,] 247 [ (Ala. Civ. App. 2000) ](quoting Newman [v. State], 623 So. 2d [1171,] 1172 [ (Ala. Civ. App. 1993) ] ; see also Smith v. Smith, 596 So.2d 1 (Ala. 1992). Based on the trial court's judgment, and in light of the omissive nature of the record before us on appeal, we presume in this case that the trial court acted correctly. Leeth, 789 So.2d at 247 ; Smith, 596 So.2d at 1."
Scott v. Scott, 915 So.2d 577, 580 (Ala. Civ. App. 2005).
In Ex parte A.J., supra, this court denied a mother's petition for a writ of mandamus seeking to have a pendente lite custody order entered by the trial court in that case vacated based on allegations of due-process violations. 108 So.3d at 1045. The mother in that case asserted that the trial court had no evidence to support its pendente lite custody award and that the trial court had only considered arguments of counsel at a hearing. We noted that "the mother did not include a transcript of that hearing in the materials attached to her petition for a writ of mandamus, so we have no way of knowing what transpired during that hearing." Id. We further noted in A.J. that the father's motion to modify pendente lite custody had been accompanied by affidavits. In this case, the husband's petition acknowledges that the trial court received testimony from the guardian ad litem for the child at the June 15, 2017, hearing. Without a transcript of that hearing or other evidence establishing the contents of the testimony, this court has "no way of knowing what transpired during that hearing." A.J., 108 So.3d at 1045. Based on the materials submitted by the husband in support of his petition, we are unable to conclude that the trial court had no evidence before it from which it could issue the pendente lite orders addressing custody and child support. Furthermore, the husband has not established in his petition that he does not have an adequate remedy by appeal, after a final judgment is entered, to address any procedural or substantive errors. " 'The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case-that is, one in which an appeal is not an adequate remedy.' " Ex parte Boddie, 229 So.3d at 259 (quoting Ex parte Dillard Dep't Stores, Inc., 879 So.2d 1134, 1137 (Ala. 2003), citing in turn Ex parte Consolidated Publ'g Co., 601 So.2d 423, 426 (Ala. 1992) ).
The husband, as the petitioner, has the " 'burden of establishing a clear legal right to the relief sought...' " Ex parte Dangerfield, 49 So.3d 675, 680 (Ala. 2010) (quoting Ex parte Metropolitan Prop. & Cas. Ins. Co., 974 So.2d 967, 972 (Ala. 2007) ). The husband has failed to carry that burden, and, therefore, his petition is denied.
PETITION DENIED.
Thompson, P.J., and Pittman and Thomas, JJ., concur.
Moore, J., concurs in the result, without writing.

The submitted materials do not indicate when Judge Stephens recused herself and when Judge Riley was appointed.